**FILED**
**SEP 22 2014**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| SPV-LS, LLC, | * | CIV 14-4092 |
| Plaintiff, | * | |
| vs. | * | ORDER |
| TRANSAMERICA LIFE INSURANCE COMPANY, | * | |
| Defendant and Third-Party Plaintiff, | * | |
| vs. | * | |
| NACHMAN BERGMAN, as Trustee of The N Bergman Insurance Trust dated December 18, 2006; MALKA SILBERMAN, as Successor Trustee of The N Bergman Insurance Trust dated December 18, 2006; LIFE TRADING TRUST, dated August 8, 2007; T-LEG, LLC, a/k/a TLEG LLC; FINANCIAL LIFE SERVICES, LLC; SPV II LLC; and THE REPRESENTATIVE OF THE ESTATE OF NANCY BERGMAN, | * | |
| Third-Party Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff SPV-LS, LLC, and Third-Party Defendants in this interpleader action, Life Trading Trust, Financial Life Services LLC, and SPV II LLC, have requested that default be entered against the Third-Party Co-Defendants and co-claimants, The N Bergman Insurance Trust dated December 18, 2006, Nachman Bergman as Trustee of The N Bergman Insurance Trust dated December 18, 2006, and Malka Silberman, as Successor Trustee of The N Bergman Insurance Trust

dated December 18, 2006. The Third-Party Complaint appears to be suing Nachman Bergman and Malka Silberman in their capacities as Trustee of The N Bergman Insurance Trust and Successor Trustee of The N Bergman Insurance Trust dated December 18, 2006, and not in their individual capacities.

Nachman Bergman, as Trustee of The N Bergman Insurance Trust dated December 18, 2006, and Malka Silberman, as Successor Trustee of The N Bergman Insurance Trust dated December 18, 2006, have attempted to file on behalf of the Trusts a document entitled "Answer and Cross Claims of Nachman Bergman, and Malka Silberman for themselves, as former and current Trustees of The N Bergman Insurance Trust," Doc. 34.

## DISCUSSION

Plaintiff in an interpleader action such as this is entitled to request that a default be entered against the Third-Party Defendants even though Plaintiff has not pled over against those Third-Party Defendants. See, e.g., Sun Life Assurance Co. v. Conroy, 431 F.Supp.2d 220, 226 (D.R.I. 2006) (citing cases); Amoco Prod. Co. v. Aspen Group, 59 F.Supp.2d 1112, 1116 (D.Colo. 1998) (Rule 55(d) applies regardless of "whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff or a party who has pleaded a cross-claim or counterclaim).

The Court does not reach the conclusion of whether the late filed Answer by Trustee Nachman Bergman and Successor Trustee Malka Silberman, each on behalf of the The N Bergman Insurance Trust, should be filed despite it being beyond time. The reason is that neither Nachman Bergman nor Malka Silberman has been shown to be a member of the Bar of this or any other State. A non-lawyer trustee may not appear in Court on behalf of a trust. See Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994). As a result, the Clerk of Courts is directed to not file the Answer and Cross Claims of Nachman Bergman and Malka Silberman as former and current Trustees of The N. Berman Insurance Trust and enter a Default Judgment against Nachman Bergman, as Trustee of The N Bergman Insurance Trust dated December 18, 2006, and Malka Silberman, as Successor Trustee of The N. Bergman Insurance Trust dated December 18, 2006.

The Court observes that on examining the interpleader Complaint by Defendant Transamerica Life Insurance Company that Nachman Bergman and Malka Silberman might, if their allegations are correct, stand to participate personally in the proceeds of the life insurance policy in question. Accordingly, it appears to the Court on a preliminary basis that as individuals, Nachman Bergman and Malka Silberman may be necessary parties to this litigation.

IT IS THEREFORE ORDERED AS FOLLOWS:

1. That the Clerk of Court shall enter the default requested pursuant to Federal Rule of Civil Procedure 55(a) against Nachman Bergman, as Trustee of The N Bergman Insurance Trust dated December 18, 2006, and Malka Silberman, as Successor Trustee of The N Bergman Insurance Trust dated December 18, 2006. The parties seeking the default judgment shall then apply to the Court therefor. FED.R.CIV.P. 55(b)(2).

2. That the pleading that Nachman Bergman, as Trustee, and Malka Silberman, as Successor Trustee, ultimately brought forward is stricken and not entered as neither Nachman Bergman, as Trustee, nor Malka Silberman, as Successor Trustee, may appear and make Answer and other pleadings for The N Bergman Insurance Trust dated December 18, 2006.

Dated this 22nd day of September, 2014.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY