UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SPV-LS, LLC,<br><br>          Plaintiff,<br><br>    vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>          Defendant. | 4:14-CV-04092-LLP<br><br><br>ORDER ON THIRD-PARTY DEFENDANT SILBERMAN'S MOTION TO QUASH<br><br>DOCKET NO. 220 |

On March 16, 2016, attorney Douglas A. Foss, attorney for third-party defendants, cross-claimants and cross-defendants Financial Life Services, LLC; Life Trading Trust; SPV-LS, LLC; SPV II LLC, issued testimonial subpoenas and subpoenas *duces tecum* on Stuart I. Davis and Andrew Citron, nonparties to this action and former attorneys for Malka Silberman.  See Docket No. 221-1, 221-2, 221-3, and 221-4.  The supoenas required that documents be produced either electronically to a specified email address, or physically to a location in Pittsford, New York, on April 11, 2016, at 9:00 a.m.  Id.  The testimonial subpoenas require the two men to appear for their depositions on April 14, 2016, at 11:30 a.m. for Mr. Davis and for April 15, 2016, at 9:30 a.m.  Id.  Both depositions are noticed for New York City, New York.  Id.

In her capacity as third-party defendant, Malka Silberman moves to quash all four of the subpoenas, citing attorney-client privilege and attorney work product doctrine.  See Docket No. 220.  The proof of service for these subpoenas has not been filed with the court, but it appears Ms. Silberman knew of the subpoenas at least as of April 8, 2016, because she has filed an affidavit from her attorney indicating he protested the dates set for the testimonial subpoenas to Mr. Foss on April 8.  See Docket No. 221.  Therefore, the court assumes the subpoenas were served at least as of April 8.  No explanation is given for why Ms. Silberman waited until literally the eve of the depositions to move to quash them.  Ms. Silberman does not state in her motion whether Mr. Davis or Mr. Citron have filed objections to either of the subpoenas served on those gentlemen.

A person who is commanded to produce documents pursuant to a subpoena *duces tecum* may serve on the party or attorney who issued the subpoena written objections to producing the documents.  See FED. R. CIV. P. 45(d)(2)(B).  If such an objection is made, the party who served the subpoena may move the court *for the district where compliance is required* for an order compelling production of the documents.  See FED. R. CIV. P. 45(d)(2)(B)(i).

On timely motion, the court *for the district where compliance is required* must quash or modify a subpoena that, among other things, requires the disclosure of privileged or other protected matter, if no exception or waiver applies.  See FED. R. CIV. P. 45(d)(3)(A).  A person withholding subpoenaed information pursuant to a claim of privilege or subject to protection must

2

expressly make the claim of privilege and describe the nature of the withheld documents without revealing information that is itself protected or privileged. See FED. R. CIV. P. 45(e)(2).  If the court where compliance is required did not issue the subpoena, the court where compliance is required may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.  See FED. R. CIV. P. 45(f).  Failure to obey a subpoena can be punished by contempt.  See FED. R. CIV. P. 45(g).

Ms. Silberman does not address in her motion whether she has standing to challenge third-party subpoenas such as the ones called into issue by her motion.  Courts are divided on the issue.  See Charels A. Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, and Adam N. Steinman, 9A Fed. Prac. & Proc. Civ. § 2459 (3d ed.).  Nor does Ms. Silberman acknowledge or address in her motion the fact that these subpoenas require compliance in New York, and that Rule 45 requires motions to quash subpoenas to be filed in the court *where compliance is required*.  No order from any federal district court in New York has transferred Ms. Silberman's motion to this court.

Ms. Silberman requests this court to quash the subpoena, or in the alternative, to hold a hearing.  Her motion was filed at 4:02 pm today, 5:02 pm in New York where Mr. Foss is located, and Mr. Davis' deposition is set to occur tomorrow morning.  The court is at a loss to see when there would be time for such a hearing.  Certainly, if Ms. Silberman had filed her motion on or near April 8 when her attorney had notice of the subpoenas, there would have been

3

time for the court to hear from other interested parties and from Mr. Davis and Mr. Citron, either in writing or orally at a hearing.

Given the multiple legal and factual issues unaddressed by Ms. Silberman's motion, the fact that the motion was filed on the eve of the performance required by the subpoenas, and the fact that other persons interested in this matter have not been able to address the motion, the court will neither stay the depositions nor condone them.  Instead, the parties are strongly encouraged to work out a compromise until full briefing on this matter may be made.  Both parties risk contempt sanctions absent such an agreement.  Based on the foregoing, it is hereby

ORDERED that Mr. Davis and Mr. Citron, should they desire to do so, may file a brief addressing Ms. Silberman's motion.  For purposes of giving notice to Mr. Davis and Mr. Citron of Ms. Silberman's motion, Ms. Silberman is directed to provide service of this order on Mr. Davis and Mr. Citron.  It is further

ORDERED that Mr. Foss shall file a brief addressing Ms. Silberman's motion no later than April 20, 2016.  It is further

ORDERED that Ms. Silberman may file a reply to any briefs filed by Mr. Foss, Mr. Davis, and Mr. Citron no later than April 25, 2016.

DATED this 13th day of April, 2016.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

4