**FILED**
**JUN 23 2016**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SPV-LS, LLC, | * |
| | * CIV 14-4092 |
| Plaintiff, | * |
| vs. | * |
| TRANSAMERICA LIFE INSURANCE COMPANY, | * |
| | * ORDER ON THE REPRESENTATIVE |
| Defendant and Third-Party Plaintiff, | * OF THE ESTATE OF NANCY |
| | * BERGMAN'S MOTION FOR |
| vs. | * RECONSIDERATION |
| NACHMAN BERGMAN, Trustee of the N Bergman Insurance Trust; MALKA SILBERMAN, Successor Trustee of the N Bergman Insurance Trust; LIFE TRADING TRUST; T-LEG LLC (aka TLEG LLC); FINANCIAL LIFE SERVICES LLC; SPV II LLC; and THE REPRESENTATIVE OF THE ESTATE OF NANCY BERGMAN, | * |
| Third-Party Defendants. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On June 7, 2016, the Court held a hearing on all motions pending before it in the above-entitled matter. During the hearing, the Court heard arguments on the Estate's Motion for Reconsideration, Doc. 245. Through the motion, the Estate asks this Court to reconsider its grant of summary judgment to SPV, Doc. 225. In its brief in support of the Motion for Reconsideration, and reiterated during the June 7 hearing, the Estate argues that SPV's motion for summary judgment "focused exclusively on [New York Insurance Law (NYIL)] § 7815 and, thus, the alleged 'lack of insurable interest was not a subject of the motion.'" Plaintiff's Brief in Opposition, Doc. 284, at 2 (quoting Third-Party Defendant's Brief in Support, Doc. 246, at 4). *See* Third-Party Defendant's Brief in Support at 3 ("Nowhere in the Estate's Opposition [to summary judgment] does the Estate argue that STOLIs are 'prohibited;' rather, New York's enactment of a 'STOLI prohibition law,' section 7815, is of no consequence to this action and,

1

unlike insurable interest law, does not set forth a private right of action."). Instead, the Estate argues that it "opposed [SPV's motion for summary judgment] because this case turns upon the lack of insurable interest and corresponding insurable interest statutes." Third-Party Defendant's Brief in Support at 3.

First, the Court points out that it agrees with the Estate that NYIL § 7815 does not apply. The Court made that clear in its memorandum opinion. *See* Doc. 225 at 5 n. 2 ("Thus, for purposes of SPV's motion for summary judgment, the Court must evaluate the issues under New York Insurance Law *before* NYIL § 7815 was effective[.]") (emphasis added). Instead, the Court applied New York law that was applicable during the events giving rise to this cause of action. *See* NYIL § 3205(b)(1)-(2), (4). *See also Kramer v. Phoenix Life Ins. Co.*, 15 N.Y.3d 539, 551 (N.Y. 2010).

Second, while the Estate maintains that SPV's motion did not call into question issues of insurable interests, it simultaneously asserts that it opposed SPV's motion "because this case turns upon the lack of insurable interest and corresponding insurable interest statutes." Third-Party Defendant's Brief in Support, *supra*. Thus, the Estate argues that it opposed the motion for summary judgment based upon the very issue it claims was not raised by the motion, i.e., an insurable interest. In addition, the Court applied the "corresponding insurable interest statutes" that the Estate claimed were in issue. *Compare* NYIL § 3205(b)(1)-(2), (4) *with* N.J.S.A. § 17B:24-1.1(b)-(c).

Third, through its Motion for Summary Judgment, Doc. 134, SPV sought two things: (1) a declaration that New York Insurance Law applied and (2) application of that law to the facts of this case. Based on New York Insurance Law, SPV argued, it, and not the Estate, is entitled to the proceeds of the Policy. *See* Plaintiff's Brief in Support of Summary Judgment, Doc. 138, at 17 ("In other words, even if the Estate could demonstrate that the Policy is a STOLI, the Estate's claim fails under New York law because STOLIs did not violate any substantive provision of the NYIL as it existed at the time the Policy was issued."). The Court agreed with SPV and found that New York law applied and that, under NYIL § 3205(b)(1)-(2), (4), STOLIs were not prohibited.

In its brief in support of the Motion for Reconsideration, the Estate asserts that this "case is not about a mere 'intention' to secure a life insurance policy and immediately transfer it to a third party." Third-Party Defendant's Brief in Support at 6. Instead, the Estate continues, "this case involves nefarious influence and control to prearrange a 'turn key' deal as a means of evading the insurance law's insurable interest requirement." *Id.* According to the Estate, because the Policy was arranged through nefarious influence, Nancy Bergman did not obtain it through her own discretion, which is a violation of insurable interest law. *See* Third-Party Defendant's Brief in Support at 5 (quoting *Kramer*, 15 N.Y.3d at 551-52) ("While the court relies heavily on *Kramer* [], it skipped an important step in the factual insurable interest analysis that New York's highest court deemed essential[.]"). The issue of nefarious influence was not raised by the Estate in its brief in opposition to SPV's motion for summary judgment. It was not raised because, according to the Estate, SPV's motion "focused [] on choice of law and a narrow, irrelevant, legal issue, *to wit*, whether or not STOLI policies are retroactively prohibited under NY Ins. Law 7815." *Id.* at 5 (emphasis in original). The Estate argues, therefore, that SPV's motion did not call for an examination of insurable interest law.

While the Estate argues that SPV's motion for summary judgment did not call for evidence of nefarious influence, SPV asked this Court to find that STOLIs were not prohibited under New York Insurance Law at the time of the events giving rise to this action. The Court noted it is memorandum opinion that, under New York law, "(1) an insurable interest must exist at a policy's inception and (2) insureds are permitted to transfer the policy to one without an insurable interest." Doc. 225 at 10 (citing *Kramer*, 15 N.Y.3d at 551). Thus, a request for the application of New York law is a prime opportunity to present evidence that would invalidate an insurable interest. In fact, the Estate now argues in its Motion for Reconsideration that the first prong cannot be met by SPV as issues of nefarious influence preclude a finding that an insurable interest existed at the time of the Policy's inception. The Court did not discuss issues of nefarious influence and Nancy Bergman's discretion, however, because the Estate did not raise those issues in its brief in opposition.

The Court's memorandum opinion of April 14, 2016 was correct on the law and that issue will not be revisited. For a variety of reasons, and through no fault of SPV, little discovery had taken place by the time the Court entered its opinion on April 24, 2016. The Court will

3

allow the Estate of Nancy Bergman as well as the other parties to proceed with discovery so that the possibility of a manifest injustice does not take place.

The Court granted the parties until September 16, 2016 to conduct discovery. In order to avoid the possibility of a manifest injustice, the Court will hold in abeyance the Estate's request to set aside this Court's grant of summary judgment to SPV and will allow the Estate as well as all parties to conduct discovery. Upon the completion of discovery, the Court will then reassess the record and determine if the Estate has established facts sufficient to warrant its Motion for Reconsideration. Accordingly,

IT IS ORDERED that:

(1) Third-Party Defendant the Representative of the Estate of Nancy Bergman's Motion for Reconsideration, Doc. 245, is held in abeyance; and

(2) Third-Party Defendant the Representative of the Estate of Nancy Bergman has, as well as the other parties, until September 16, 2016 to conduct discovery.

(3) Within twenty (20) days after the close of discovery, the Estate of Nancy Bergman must file its showing as to how the granting of Summary Judgment against its claims would be a manifest injustice. SPV will then have twenty (20) days within which to reply.

(4) The Estate of Nancy Bergman need not worry about the time running for filing an intermediate appeal as the Court will not certify these issues for an intermediate appeal. Instead, this case will proceed on to trial.

Dated this 23rd day of June, 2016.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk of Courts

By _____
Deputy

4