UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SPV-LS, LLC,<br><br>              Plaintiff,<br><br>  vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>              Defendant and<br>              Third-Party Plaintiff,<br><br>  vs.<br><br>NACHMAN BERGMAN, as Trustee of The N Bergman Insurance Trust dated December 18, 2006; MALKA SILBERMAN, as Successor Trustee of The N Bergman Insurance Trust dated December 18, 2006; LIFE TRADING TRUST, dated August 8, 2007; T-LEG, LLC, a/k/a TLEG LLC; FINANCIAL LIFE SERVICES, LLC; SPV II LLC; and THE REPRESENTATIVE OF THE ESTATE OF NANCY BERGMAN,<br><br>              Third-Party Defendants. | 4:14-CV-04092-LLP<br><br><br>ORDER ON PLAINTIFF'S AND THIRD-PARTY DEFENDANTS' MOTION TO COMPEL<br><br>DOCKET NO. 237 |

On May 4, 2016, plaintiff SPV-LS LLC and third-party defendants Life Trading Trust; Financial Life Services, Inc.; and SPV II, LLC (collectively the Krasnerman Entities), filed a motion to compel the Estate of Nancy Bergman to conduct a reasonably diligent search of Nancy Bergman's records in responding

to discovery requests, to produce a privilege log, and to produce medical authorizations. See Docket No. 237. This motion was not accompanied by any form of legal memorandum explaining exactly what discovery responses (apart from the medical authorizations) the movants sought to compel responses to, explaining the law applicable to the motion, or explaining how the law might be applied to the facts of this case.

Counsel for movants instead filed a "declaration" with over 250 pages of documents attached in support of the motion. See Docket No. 238. Fifty-six of those pages consist of discovery requests and responses thereto. See Docket No. 238-1 through 238-3. Apparently, movants would have the court sift through 273 pages of attachments to try to figure out what is in issue, what is not in issue, what the law is applicable to the issues in dispute, and how that law should be applied to those disputed issues. That is not how litigation proceeds here in this district.

The local rules of the District of South Dakota provide explicitly that every motion raising a question of law must be accompanied by a required written brief. See DSD LR 7.1B. That brief must contain the movant's legal authorities in support of the motion, the Federal Rule of Civil Procedure on which the movant relies, and the movant's legal arguments. Id. No such brief was tendered by movants upon making their motion to compel. After counsel for the Estate responded in opposition to the motion and pointed out the absence of the required brief (see Docket No. 250 at p.2), movants did not remedy the situation by providing a brief with their reply on the motion.

Instead, they simply submitted another declaration and affidavit from counsel, both devoid of any discussion of the applicable law.  See Docket Nos. 294 & 297.

The court will not do counsel's work for them.  And local counsel is advised to ensure that future filings made under his name are in compliance with this court's local rules.

Having said that, the court notes that Rule 34 of the Federal Rules of Civil Procedure governs requests for the production of documents and provides that a party may ask another party to permit copying of documents "in the responding party's possession, custody, or control."  See FED. R. CIV. P. 34(a)(1).  The concept of documents in a party's "possession" or "custody" is clear enough.

The rule that has developed as to "control" is that if a party "has the legal right to obtain the document," then the document is within that party's "control" and, thus, subject to production under Rule 34.  See 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Fed. Practice & Procedure, §2210, at 397 (2d ed. 1994).  "Because a client has the right, and the ready ability, to obtain copies of documents gathered or created by its attorneys pursuant to their representation of that client, such documents are clearly within the client's control."  American Soc. for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus, 233 F.R.D. 209, 212 (D.D.C. 2006) (citing Poole ex rel. Elliott v. Textron, Inc., 192 F.R.D. 494, 501

3

(D. Md. 2000); and Poppino v. Jones Store Co., 1 F.R.D. 215, 219 (W.D. Mo. 1940)).

Merely because documents gathered by an attorney are subject to the client's control does not, however, automatically mean they are discoverable. The work product doctrine and the attorney-client privilege still apply and may be asserted in opposition to discovery, along with the appropriate privilege log. Ringling Bros., 233 F.R.D. at 211-213. A party claiming a privilege as to requested discovery has the burden of proving the basis for the application of the privilege:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

See FED. R. CIV. P. 26(b)(5)(A).

The court sets forth the above applicable law in the event this discovery dispute returns to this court in another filing, this time in compliance with local rules. The Estate is now on notice as to what documents may be in its "control" and what burden the Estate must meet in order to assert a claim of privilege. The court expects the Estate will act in compliance with the above law in responding to the discovery requests tendered to it. If the Estate's past discovery responses are not in compliance with this law, the court strongly

4

encourages the Estate to file amended responses that are in compliance. Any failure to do so will be considered as one factor of many if sanctions are awarded in connection with a future motion to compel.

Based on the foregoing, it is hereby

ORDERED that the motion to compel without any supporting memorandum of law filed by plaintiff SPV-LS LLC and third-party defendants Life Trading Trust; Financial Life Services, Inc.; and SPV II, LLC (Docket No. 237) is hereby denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED June 28, 2016.

BY THE COURT:

*/s/ Veronica L. Duffy*

VERONICA L. DUFFY
United States Magistrate Judge

5