UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SPV-LS, LLC,<br><br>                    Plaintiff,<br><br>     vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>                    Defendant and Third-<br>                    Party Plaintiff,<br><br>     vs.<br><br>NACHMAN BERGMAN, as Trustee of The N Bergman Insurance Trust dated December 18, 2006; MALKA SILBERMAN, as Successor Trustee of The N Bergman Insurance Trust dated December 18, 2006; LIFE TRADING TRUST, dated August 8, 2007; T-LEG, LLC, a/k/a TLEG LLC; FINANCIAL LIFE SERVICES, LLC; SPV II LLC; and THE REPRESENTATIVE OF THE ESTATE OF NANCY BERGMAN,<br><br>                    Third-Party<br>                    Defendants. | 4:14-CV-04092-LLP<br><br><br><br>ORDER ON PLAINTIFF'S AND THIRD-PARTY DEFENDANTS' MOTION TO COMPEL ATTORNEY ALAN PETERSON TO COMPLY WITH SUBPOENA<br><br>DOCKET NO. 258 |

This diversity matter is pending before the court on the complaint of plaintiff SPV-LS, LLC.  See Docket No. 1.  On April 29, 2016, plaintiff and third-party defendants Life Trading Trust, Financial Services, LLC, and SPV II LLC (collectively the Krasnerman Entitites), served on Sioux Falls, South Dakota, attorney Alan Peterson a subpoena *duces tecum* seeking the production of "all retainer

agreements, invoices, proof of payments/refunds, and non-privileged communications with respect to potential representation of the N. Bergman Insurance Trust, Nachman Bergman, Malka Silberman, and/or the Estate of Nancy Bergman in any proceeding involving life insurance on the life of Nancy Bergman." See Docket No. 260-1.

In response thereto, Mr. Peterson produced responsive documents. See Docket No. 260 at p. 4, ¶ 14. One of the documents produced reflected the deposit of a $15,000 retainer into Mr. Peterson's trust account on September 15, 2014, with the notation "wire retainer." Id. at ¶ 15. In addition, Mr. Peterson provided pursuant to the subpoena an affidavit stating that he had received the retainer from a New York City lawyer named Stuart Davis who was seeking local South Dakota counsel for Nachman Bergman and Malka Silberman for a federal action in the District of South Dakota. Id. at ¶ 16. Mr. Davis told Mr. Peterson that he had held the retainer in trust but his firm never billed against the retainer. Id.

Counsel for the Krasnerman Entities contacted Mr. Peterson on May 19, 2016, requesting that Mr. Peterson obtain and produce the actual bank records relating to the wire payment from Stuart Davis to Mr. Peterson's firm. Id. at p.5, ¶ 18. Mr. Peterson declined to produce the bank records without a court order or express permission from his former client. Id. However, Mr. Peterson never filed objections to the subpoena served on him. The time for compliance with the subpoena was May 18, 2016. See Docket No. 260-1.

Rule 45 of the Federal Rules of Civil Procedure provides the procedure for serving subpoenas on nonparties. See FED. R. CIV. P. 45(a) and (b). The same rule also describes by what procedure a nonparty served with a subpoena may assert

an objection to that subpoena.  See FED. R. CIV. P. 45(d)(2)(B).  Objections to

producing documents pursuant to a subpoena must be served on the party issuing

the subpoena within 14 days after the subpoena is served or prior to the time

specified for compliance with the subpoena.  Id.  After an objection is made, the

party which issued the subpoena may bring a motion for an order compelling

compliance with the subpoena.  See FED. R. CIV. P. 45(d)(2)(B)(i).

Here, Mr. Peterson did not file an objection to the subpoena.  Furthermore,

after the Krasnerman Entities filed the instant motion to compel Mr. Peterson to

comply, Mr. Peterson did not file any response with this court in opposition to the

motion.  The bank records requested by the Krasnerman Entities are not attorney-

client privileged, consisting of a financial transaction between one attorney's bank

and another attorney's bank.  Finally, the bank records are clearly within Mr.

Peterson's "control" as he has the "legal right to obtain the document."  See 8A

Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Fed. Practice &

Procedure, §2210, at 397 (2d ed. 1994); American Soc. for the Prevention of

Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus, 233 F.R.D. 209,

212 (D.D.C. 2006) (citing Poole ex rel. Elliott v. Textron, Inc., 192 F.R.D. 494, 501

(D. Md. 2000); and Poppino v. Jones Store Co., 1 F.R.D. 215, 219 (W.D. Mo.

1940)).

In addition to the above, the court notes that a United States District Judge

for the Southern District of New York has issued an order requiring Stuart Davis

to comply with a similar Rule 45 subpoena served on him by the Krasnerman

Entities.  See In Re: Rule 45 Subpoenas Issued to Nelson Bloom, Stuart Davis, and

Andrew Citron, 1:16-mc-15-P1 (S.D.N.Y. filed May 19, 2016).  Accordingly, it is hereby

ORDERED that the motion to compel filed by plaintiff SPV-LS, LLC and third-party defendants Life Trading Trust, Financial Services, LLC, and SPV II LLC [Docket No. 258] is granted.  Mr. Peterson shall produce the bank records in reference to the wire transfer of the $15,000 retainer on September 15, 2014.  Mr. Peterson shall provide said document to movants no later than July 29, 2016.

### NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED June 29, 2016.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

4