UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SPV-LS, LLC, | 4:14-CV-04092-LLP |
| Plaintiff, | |
| vs. | |
| TRANSAMERICA LIFE INSURANCE COMPANY, | ORDER ON PLAINTIFF'S AND THIRD-PARTY DEFENDANTS' MOTION TO COMPEL ATTORNEY MATTHEW DOROTHY TO COMPLY WITH SUBPOENA |
| Defendant and Third-Party Plaintiff, | |
| vs. | |
| NACHMAN BERGMAN, as Trustee of The N Bergman Insurance Trust dated December 18, 2006; MALKA SILBERMAN, as Successor Trustee of The N Bergman Insurance Trust dated December 18, 2006; LIFE TRADING TRUST, dated August 8, 2007; T-LEG, LLC, a/k/a TLEG LLC; FINANCIAL LIFE SERVICES, LLC; SPV II LLC; and THE REPRESENTATIVE OF THE ESTATE OF NANCY BERGMAN, | DOCKET NO. 261 |
| Third-Party Defendants. | |

This diversity matter is pending before the court on the complaint of plaintiff SPV-LS, LLC.  See Docket No. 1.  On April 29, 2016, plaintiff and third-party defendants Life Trading Trust, Financial Services, LLC, and SPV II LLC (collectively the Krasnerman Entitites), served on Sioux Falls, South Dakota, attorney Matthew Dorothy a subpoena *duces tecum* seeking the production of "all retainer

agreements, invoices, proof of payments/refunds, and non-privileged communications with respect to potential representation of the N. Bergman Insurance Trust, Nachman Bergman, Malka Silberman, and/or the Estate of Nancy Bergman in any proceeding involving life insurance on the life of Nancy Bergman." See Docket No. 263-1.  Mr. Dorothy served as counsel of record for third-party defendant Malka Silberman in this case from November 19, 2015, until February 12, 2016.  See Docket Nos. 128, 180 & 219.

In response to the subpoena, Mr. Dorothy produced only a redacted version of his engagement agreement with Malka Silberman.  See Docket No. 263 at p. 4, ¶ 14.  Mr. Dorothy then filed a written objection to the subpoena asserting three bases for his objection:  (1) client confidentiality, (2) attorney-client privilege, and (3) work product doctrine.  See Docket No. 263-8 at pp. 3-4.  Along with his objection, Mr. Dorothy provided a chart labeled "Silberman Privilege Log."  See Docket No. 263-8 at p. 6.  The chart lists 11 items as follows:

Item 1          Engagement letter to Malka Silberman 11/23/15

Item 2          Trust Ledger 5/12/16

Items 3-8      Invoices November 2015–April 2016.

Items 9-11    Law Firm Bank Statements November 2015–March 2016

Id.  The recipient of items 1 and 3-8 is Malka Silberman.  Id.  The recipient of items 2 and 9-11 is the Dorothy & Krause Law Firm, P.C.  Id.  The objection listed for each of the 11 items is identical:  "Attorney-Client Privileged, Work Product, Client Confidentiality."  Id.

Mr. Dorothy did not file a response in opposition to the Krasnerman Entities' motion to compel. Malka Silberman's current counsel filed a response (a

2

"declaration") to the Krasnerman Entities' motion to compel in which he indicated Ms. Silberman joined in the oppositions to the motions to compel filed by other lawyers served with similar subpoenas (Pamela Reiter, Ronald Parsons and Brian Donahoe). See Docket No. 308. However, the declaration by Ms. Silberman's current counsel does not specifically mention or discuss the subpoena directed to Mr. Dorothy nor does the declaration offer any facts, grounds, or legal authority for denying the motion as to Mr. Dorothy. Id.

Rule 45 of the Federal Rules of Civil Procedure provides the procedure for serving subpoenas on nonparties. See FED. R. CIV. P. 45(a) and (b). The same rule also describes by what procedure a nonparty served with a subpoena may assert an objection to that subpoena. See FED. R. CIV. P. 45(d)(2)(B). Objections to producing documents pursuant to a subpoena must be served on the party issuing the subpoena within 14 days after the subpoena is served or prior to the time specified for compliance with the subpoena. Id. After an objection is made, the party which issued the subpoena may bring a motion for an order compelling compliance with the subpoena. See FED. R. CIV. P. 45(d)(2)(B)(i).

Rule 45 specifies what is required if a party withholds subpoenaed documents under a claim that it is privileged or subject to protection as trial-preparation material. See FED. R. CIV. P. 45(e)(2)(A). The party must (1) expressly make the claim of privilege and (2) describe the nature of the documents being withheld in such a manner that does not reveal information that is privileged or protected, but which allows the parties to assess the claim of privilege. Id.

Mr. Dorothy asserts the purported privilege of "client confidentiality," separate and apart from his claim of attorney-client privilege. Because neither

Mr. Dorothy nor Malka Silberman's current counsel responded in opposition to the motion to compel as to Mr. Dorothy, neither has enlightened the court as to what the legal basis for a claim of client confidentiality is. The court is without any independent knowledge of such a privilege.

As to the bank records, those records were generated by a third party (the bank) and sent only to the Dorothy Krause Law Firm, P.C. The records were not created by Mr. Dorothy, and the records are produced in the ordinary course of the bank's business, so it is difficult for the court to discern how those records may reflect Mr. Dorothy's work product or trial theories. They are not attorney-client privileged because they do not concern a communication between an attorney and his client. Mr. Dorothy shall produce the bank records listed as items 9-11 in his privilege log, redacting account numbers, deposit and transfer information for clients or accounts other than Malka Silberman, and any other information that may be sensitive or private such as social security numbers or EINs. The redacted bank statements shall show all deposit, transfer, or refund activity with regard to Malka Silberman's representation by Mr. Dorothy.

Similarly, the trust ledger is an accounting document produced in the ordinary course of the law firm business for Dorothy and Krause Law Firm, P.C. It was never transmitted to Malka Silberman. Presumably it reflects only financial transactions (debits and credits) with regard to Ms. Silberman's retainer and trust funds. Again, the court sees nothing in this document which would bring it under the umbrella of the attorney-client privilege or which would reveal Mr. Dorothy's work product. Mr. Dorothy shall produce this document pursuant to the subpoena, but may redact any information about trust accounts other than Malka

4

Silberman's as well as any sensitive information such as account numbers, social security numbers or EINs.

Mr. Dorothy has already given the Krasnerman Entities a redacted copy of his engagement agreement with Malka Silberman. The Krasnerman Entities do not specifically address in their motion to compel whether that redacted document is satisfactory or not and if not, why not. Accordingly, the court will not require Mr. Dorothy to produce an unredacted version of the agreement. If the Krasnerman Entities believed they had a right to the unredacted version, it was incumbent upon them to tell the court that and to explain why the redacted version is unsatisfactory. Their silence on this issue leads the court to believe the redacted document was satisfactory to them.

The final issue, then, are the invoices submitted for Mr. Dorothy's work on behalf of Ms. Silberman. Those invoices are not attorney-client privileged, but, depending on the detail contained in the time entries therein, may reveal Mr. Dorothy's work product. A time entry reflecting 0.2 hour for "phone call" reveals next to nothing. A time entry reflecting 0.2 hour for a phone call to a specified person or agency to find out the state of facts with regard to a particular issue may reveal trial strategy or legal theories. Mr. Dorothy's current privilege log does not enable the court to assess his claim of work product doctrine as applied to the invoices. For the invoices then, the court could proceed in one of two ways: (1) require Mr. Dorothy to prepare a revised privilege log that addresses each invoice entry-by-entry or (2) require Mr. Dorothy to submit the invoices *in camera* for the court's review. The latter course of action seems the more reasonable and efficient way to proceed. Accordingly, it is hereby

5

ORDERED that the motion to compel filed by plaintiff SPV-LS, LLC and third-party defendants Life Trading Trust, Financial Services, LLC, and SPV II LLC [Docket No. 261] is granted in part and denied in part.  Mr. Dorothy shall produce the bank statements and trust ledger, appropriately redacted as described above, to the movants no later than July 29, 2016.  Mr. Dorothy shall produce the invoices for services rendered on behalf of Malka Silberman to the court for *in camera* review no later than July 8, 2016.  The motion to compel as to an unredacted version of the client agreement between Mr. Dorothy and Malka Silberman is denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED June 29, 2016.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge

6