UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SPV-LS, LLC,<br><br>    Plaintiff,<br><br> vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>    Defendant and<br>    Third-Party Plaintiff,<br> vs.<br><br>NACHMAN BERGMAN, as Trustee of The N Bergman Insurance Trust dated December 18, 2006; MALKA SILBERMAN, as Successor Trustee of The N Bergman Insurance Trust dated December 18, 2006; LIFE TRADING TRUST, dated August 8, 2007; T-LEG, LLC, a/k/a TLEG LLC; FINANCIAL LIFE SERVICES, LLC; SPV II LLC; and THE REPRESENTATIVE OF THE ESTATE OF NANCY BERGMAN,<br><br>    Third-Party<br>    Defendants. | 4:14-CV-04092-LLP<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF AND THIRD-PARTY DEFENDANTS' MOTION TO COMPEL<br><br>DOCKET NO. 196 |

## INTRODUCTION

This matter is before the court on the complaint of plaintiff SPV-LS, LLC pursuant to the court's diversity jurisdiction, 28 U.S.C. § 1332. See Docket No. 1. Plaintiff and third-party defendants Life Trading Trust, Financial Life

1

Services LLC ("FLS"), and SPV II LLC, collectively the Krasnerman Entities, have filed a joint motion seeking to compel certain discovery responses from third-party defendant Malka Silberman, trustee of the N. Bergman Insurance Trust Dated December 18, 2006.  See Docket No. 196.  The district court, the Honorable Lawrence L. Piersol, referred the motion to this magistrate judge for a decision pursuant to 28 U.S.C. § 636(b)(1)(A).  See Docket No. 216.

## FACTS

Plaintiff filed this complaint on June 13, 2014.  See Docket No. 1.  Although third-party defendant Malka Silberman was properly served with the summons and complaint, she did not timely answer and a default was entered against her on September 22, 2014.  See Docket No. 37.  The Krasnerman Entities then moved for entry of a default judgment.  That prompted Ms. Silberman to make her appearance herein and she successfully moved to set aside the default and to defeat the motion for default judgment.

All parties having finally appeared, the district court then ordered all the parties to hold a scheduling conference within 30 days from September 21, 2015.  See Docket Nos. 95 & 96.  Before the 30 days expired, Ms. Silberman's counsel moved to withdraw and was allowed to do so.  One month later, new counsel filed a notice of appearance on behalf of Ms. Silberman.  On or before December 4, 2015, the parties held their planning meeting to discuss scheduling and discovery issues.  See Docket No. 152.  At that meeting, the parties agreed that all initial voluntary disclosures required by Federal Rule of Civil Procedure 26(a)(1) would be exchanged by February 1, 2016.  See id. at

2

p. 2, ¶ 2. The Krasnerman Entities, in their motion and the reply on their motion, represent that Ms. Silberman has never made her initial disclosures as required by Rule 26(a)(1).

On January 29, 2016, the Krasnerman Entities served Ms. Silberman with their first sets of interrogatories and requests for the production of documents. See Docket Nos. 198-1 and 198-2. On the same date, the Krasnerman Entities issued a notice of deposition for Ms. Silberman, designating March 2, 2016, at 9:30 a.m. as the date and time for taking Ms. Silberman's deposition.

In their motion and reply brief, the Krasnerman Entitites represent that Ms. Silberman has never provided them with signed, answered interrogatories. They further represent that Ms. Silberman, while interposing only one objection to one request for documents, nevertheless has failed to provide any documents in response to their discovery request for documents. Unsigned "drafts" of responses to these discovery requests were given to the Krasnerman Entities on February 29, 2016.

Finally, after issuing Ms. Silberman's deposition notice, the Krasnerman Entities sought to change the date and time for the deposition. They allege that Ms. Silberman's attorneys have failed and refused to give the Krasnerman Entities a new date and time on which she will agree to have her deposition taken. Also, in anticipation of taking the depositions of certain New York attorneys who allegedly represented the trust, the Krasnerman Entities sent Ms. Silberman's attorney release forms for Mark Frankel, M. David Graubard,

Michael Kanzer, and Mark Nussbaum.  Each of these releases, if they had been signed, would have authorized the named person (all attorneys) to release to the Krasnerman Entities' New York law firm "copies of any and all records relating to the N Bergman Insurance Trust dated December 18, 2006, or the Former Trustee for the N Bergman Insurance Trust, Mr. Nachman Bergman."  <u>See</u> Docket No. 198-4.

A thumbnail sketch of the facts of this action, recited only to provide context for discussion of the discovery disputes, is as follows.  Nancy Bergman, a school teacher of modest means, obtained a $10 million life insurance policy on herself from defendant Transamerica Life Insurance Company and placed that policy into the N. Bergman Insurance Trust dated December 18, 2006.[1]  Nancy's grandson, third party defendant Nachman Bergman, was the beneficiary and trustee of the trust.  Allegedly, Malka Silberman took over as trustee of the trust in 2008, though that is a disputed fact.  Transamerica claims it was never notified of the change in the identity of the trustee until after Nancy's death in 2014.

In 2009, Nachman sold the insurance policy from the trust to FLS.  After the sale, FLS discovered that the premiums on Nancy's life insurance policy had not been paid.  It also discovered that Nachman's representations that Nancy was on death's doorstep were inaccurate.  Nachman, for his part, denies that he ever entered into these transactions with FLS, suggesting an imposter

---

[1] Nancy also apparently obtained a $5 million insurance policy on her life from another insurer, Sun Life, and also placed that policy into a trust.  That policy is not part of this District of South Dakota litigation.

4

posing as Nachman dealt with FLS. He claims someone forged his signature to the pertinent documents.

FLS brought suit against the trust in federal district court for the Eastern District of New York. Default was entered against the trust because it never answered. Thereafter, an auction of Nancy's life insurance policy was held in 2012. FLS bought the policy at the auction for $1.19 million. FLS then transferred the policy to the plaintiff herein, SPV-LS, LLC.

On April 6, 2014, Nancy died. Thereafter, both SPV-LS, LLC and Malka Silberman on behalf of the trust, submitted claims to Transamerica for the policy proceeds. SPV-LS, LLC brought this suit against Transamerica in this court, alleging a claim of breach of contract. Transamerica interpleaded the policy proceeds and sued Nachman, Ms. Silberman, Nancy's estate, and other third-party defendants, alleging that Transamerica was unable to determine which of the claimants was legitimately entitled to the proceeds of the policy.

A series of lawyers in New York have allegedly represented the trust, though Ms. Silberman now claims she never hired these New York lawyers. In this litigation, a succession of lawyers have made appearances on behalf of Ms. Silberman. First attorneys Pamela Reiter and Ronald Parsons appeared. They withdrew after one month. Then after a month's lapse, Matthew Dorothy appeared. Mr. Dorothy withdrew less than five months later. Andrew Citron of New York purported to represent Ms. Silberman and communicated with counsel for other parties in that capacity (see Docket No. 198), but Mr. Citron never formally entered a notice of appearance in this case. On April 8, 2016,

Aaron Twersky of New York City and James Moore, as local counsel, noticed their appearance on behalf of Ms. Silberman.  This was two months after the parties had agreed to exchange initial Rule 26 disclosures and one month after the Krasnerman Entities filed the motion to compel currently under consideration.

**DISCUSSION**

**A.    Meet and Confer**

Before a party may make a motion to compel another party to make discovery or disclosure, the movant must certify that they have in good faith conferred or attempted to confer with the opposing party from whom the discovery or disclosure is sought in an attempt to resolve the disagreement without court intervention.  See FED. R. CIV. P. 37(a)(1); DSD LR 37.1.  Lawyers for the Krasnerman Entities assert that they have attempted to meet and confer with Ms. Silberman's lawyers in an effort to resolve the outstanding discovery requests, however, they have been thwarted in their attempt to do so by the frequently changing cast of persons purporting to represent Ms. Silberman.

When Mr. Dorothy was contacted, he stated the attorney handling discovery matters was Mr. Citron.  When Mr. Citron was contacted, he indicated Mr. Dorothy was handling the discovery responses.  Then Mr. Twersky entered the picture and purported to be representing Ms. Silberman in early March, 2016, but he did not file a notice of appearance

until April 8, 2016.  Mr. Citron disavowed any knowledge of Mr. Twersky and purported to continue to be Ms. Silberman's attorney.

The documentation provided by the Krasnerman Entities establishes that they did endeavor, for several weeks, to attempt to talk to the right lawyer to resolve these discovery matters.  That they did not succeed is not their fault.  Current counsel for Ms. Silberman, Mr. Twersky, admits that the Krasnerman Entities' lawyers satisfied their requirement to meet and confer as to Ms. Silberman's former counsel, Mr. Dorothy and Mr. Citron.  Having met the requirement as to former counsel, however, Mr. Twersky apparently would have the court hold that the Krasnerman Entities must meet the requirement again with Mr. Twersky.  However, at the time Mr. Twersky insists the Krasnerman Entities should have worked with him on discovery matters—early March, 2016—Mr. Twersky had yet to file a notice of appearance in this case.  He only did so on April 8, 2016.  In the interim, Mr. Citron denied that Mr. Twersky was representing Ms. Silberman.  The court concludes that the facts herein, unusual in the court's experience, satisfy the meet-and-confer requirement.  A party may not evade compliance with discovery rules by the simple expedient of hiring a new lawyer.  It is, after all, the party's requirement to produce discovery, not the lawyer's.

B.   **Initial Disclosures**

Rule 26 provides in pertinent part as follows regarding initial disclosures:

(A) *In General.*  Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
    (i)   the name and, if known, the address and telephone

7

        number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defense, unless the use would be solely for impeachment;

(ii)    a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

(iii)    a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv)    for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

See FED. R. CIV. P. 26(a)(1)(A). Part (a)(1)(B) of Rule 26 contains a list of nine types of actions which are exempt from the requirement of making voluntary initial disclosures. See FED. R. CIV. P. 26(a)(1)(B). This case does not fit within any of those exceptions. See id. See also Docket No. 95 (Judge Piersol's September 21, 2015, letter to all parties advising them that this case is not exempt from Rule 26(a) requirements).

    In responding to the Krasnerman Entities' motion to compel, Ms. Silberman does not claim privilege or other protection from these required disclosures. She does not claim any exception to the requirement. Furthermore, before this motion to compel was filed, she assured counsel for

the Krasnerman Entities that she could have discovery to him no later than March 31, 2016. Ms. Silberman's response in opposition to the motion to compel was filed March 29, 2016. At this time, she still had not provided the disputed discovery. The Krasnerman Entities' reply on the motion filed March 30, 2016, is silent as to whether they received Ms. Silberman's initial disclosures. See Docket No. 210. A later pleading filed April 20, 2016, indicates Ms. Silberman still had not provided any of the disputed discovery. See Docket No. 230 at p. 2, ¶ 3.

The initial disclosures are not optional. They must be made. Furthermore, a motion to compel is the appropriate remedy in the event a party fails or refuses to make these disclosures. See FED. R. CIV. P. 37(a)(3)(A). The court grants the Krasnerman Entities' motion in this regard. Ms. Silberman is directed to serve all parties with her initial disclosures no later than July 22, 2016, if she has not already done so.

C.     **Requests for the Production of Documents**

Once served, it is incumbent on the party receiving a written request for the production of documents to serve the requesting party with (1) a written response to the request and (2) any responsive documents, both within 30 days. See FED. R. CIV. P. 34(b)(2)(A). As of March 8, 2016, when the Krasnerman Entities filed the instant motion, Ms. Silberman's responses to the requests for production were overdue by approximately 10 days. Ms. Silberman's response to the motion alleges that she is going to produce the discovery responses and asks the court to deny the motion to compel as moot.

9

The Krasnerman Entities' reply to their own motion is silent as to whether they received the promised discovery.  A later pleading filed April 20, 2016, indicates Ms. Silberman still had not provided any of the disputed discovery. See Docket No. 230 at p. 2, ¶ 3.

Responses to discovery requests, even if a party objects, are not optional. A written response must still be made, detailing objections, if any. See FED. R. CIV. P. 34.  Furthermore, a motion to compel is the appropriate remedy in the event a party fails or refuses to respond, or makes evasive responses.  See FED. R. CIV. P. 37.  The court grants the Krasnerman Entitites' motion in this regard. Ms. Silberman is directed to serve the Krasnerman Entities with her responses to their first set of requests for the production of documents, along with any responsive documents, no later than July 22, 2016, if she has not already done so.

**D.     Interrogatories**

Once served, it is incumbent on the party receiving interrogatories to serve the requesting party with a written response to the interrogatories signed by the party under oath within 30 days.  See FED. R. CIV. P. 33(b).  As of March 8, 2016, when the Krasnerman Entities filed the instant motion, Ms. Silberman's responses to their interrogatories were overdue by approximately 10 days.  Ms. Silberman's response to the motion alleges that she is going to produce the discovery responses and asks the court to deny the motion to compel as moot.  The Krasnerman Entities' reply to their own motion is silent as to whether they received the promised discovery.  A later pleading

10

filed April 20, 2016, indicates Ms. Silberman still had not provided any of the disputed discovery. See Docket No. 230 at p. 2, ¶ 3.

Responses to discovery requests, even if a party objects, are not optional. A written response must still be made, detailing any objections. See FED. R. CIV. P. 33. Furthermore, a motion to compel is the appropriate remedy in the event a party fails or refuses to respond, or makes evasive responses. See FED. R. CIV. P. 37. The court grants the Krasnerman Entitites' motion in this regard. Ms. Silberman is directed to serve the Krasnerman Entities with her responses to their first set of interrogatories, under oath, no later than July 22, 2016, if she has not already done so.

**E.     Ms. Silberman's Deposition**

Although the Krasnerman Entities noticed Ms. Silberman's deposition for March 2, 2016, she did not disregard that notice. Rather, the Krasnerman Entities effectively withdrew the March 2 notice and requested counsel for Ms. Silberman to confer with them to come up with a mutually-agreeable date. In essence, then, the Krasnerman Entities assert that the Rules of Civil Procedure entitle them to a motion to compel Ms. Silberman to suggest a date of her own for her deposition. While conferring with counsel as to deposition dates is the civilized route—and the court strongly encourages the parties to avail themselves of this method—there is nothing in the rules to compel such conduct.

Rule 30 of the Federal Rules of Civil Procedure governs the taking of depositions of parties. Rule 30 does not require the party who is being deposed

to suggest the date, time, location or any other details of her own deposition. Instead, the onus is on the party who wishes to take the deposition. The party seeking the discovery must simply issue a notice of deposition to the party they wish to depose with reasonable advance notice. See FED. R. CIV. P. 30(b)(1). The notice must set forth the day, time, and location of the deposition as well as the method by which the deposition will be recorded. See FED. R. CIV. P. 30(b). Even if the person to be deposed is a party, their attendance can be compelled by serving them with a subpoena under Rule 45. See FED. R. CIV. P. 30(a)(1).

There is nothing to compel before this court. A deposition notice for Ms. Silberman was served and then withdrawn. It remains for the Krasnerman Entities to issue another notice of deposition, giving Ms. Silberman reasonable advance notice of the same. They may confer with Ms. Silberman's counsel in setting the details of the deposition or not, as they wish. The Krasnerman Entities have not yet issued a second notice to take the place of the one they withdrew. This portion of the Krasnerman Entities' motion to compel is denied.

**F.    Privilege Waivers**

The final issue raised in the Krasnerman Entities' motion to compel concerns four waivers they sent to Ms. Silberman and asked her to execute. The waivers would, as discussed above, allow the addressee attorneys to release documents in their possession to the Krasnerman Entities' lawyers. The Krasnerman Entities allege that the four named persons in the waivers

were lawyers who previously represented the N. Bergman Insurance Trust dated December 18, 2006.

Ms. Silberman denies that any of the lawyers ever represented the trust, but she leaves open the possibility that she may have consulted them briefly, with the expectation that any disclosures she made would be held in confidence pursuant to the attorney-client privilege.  Ms. Silberman therefore objects to signing the waivers as she believes she should not be compelled to waive any attorney-client privilege there may be.  Ms. Silberman also objects to signing the waivers on the grounds that they do not represent proper discovery requests.  The documents the Krasnerman Entities seek, she notes, are in the possession of the attorneys whose names are listed on the waivers. Ms. Silberman suggests that the proper method of obtaining the documents is for the Krasnerman Entitites to serve the attorneys in question with subpoenas *duces tecum* pursuant to Rule 45.

The court partially agrees.  A Rule 45 subpoena served on each attorney is one acceptable method for the Krasnerman Entities to attempt to obtain the desired documents.  They have pursued this method with regard to other attorneys in New York.  They can pursue this method with regard to these four attorneys too.

Alternatively, they could serve Ms. Silberman herself with requests for the documents.  Rule 34 of the Federal Rules of Civil Procedure governs requests for the production of documents and provides that a party may ask another party to permit copying of documents "in the responding party's

possession, custody, or control." See FED. R. CIV. P. 34(a)(1).  The concept of documents in a party's "possession" or "custody" is clear enough, but the concept of documents in a party's "control" is not obvious upon a reading of the rule.

The rule that has developed is that if a party "has the legal right to obtain the document," then the document is within that party's "control" and, thus, subject to production under Rule 34.  See 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Fed. Practice & Procedure, §2210, at 397 (2d ed. 1994).  "Because a client has the right, and the ready ability, to obtain copies of documents gathered or created by its attorneys pursuant to their representation of that client, such documents are clearly within the client's control." American Soc. for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus, 233 F.R.D. 209, 212 (D.D.C. 2006) (citing Poole ex rel. Elliott v. Textron, Inc., 192 F.R.D. 494, 501 (D. Md. 2000); and Poppino v. Jones Store Co., 1 F.R.D. 215, 219 (W.D. Mo. 1940)).

Merely because documents gathered by an attorney are subject to the client's control does not, however, automatically mean they are discoverable.  The work product doctrine and the attorney-client privilege still apply and may be asserted in opposition to discovery, along with the appropriate privilege log. Ringling Bros., 233 F.R.D. at 211-213.

Currently, the Krasnerman Entities point to no specific request for the production of documents which has been served on Ms. Silberman seeking the documents in possession of the four attorneys.  Nor do they assert they have

served the attorneys with subpoenas.  Until such steps are taken, any discussion over whether the documents must be produced is not yet ripe.  The court denies this portion of the Krasnerman Entities' motion to compel.

## CONCLUSION

Based on the foregoing facts, law and analysis, it is hereby

ORDERED that the motion to compel [Docket No. 196] filed by plaintiff SPV-LS, LLC and third-party defendants Life Trading Trust, Financial Life Services LLC ("FLS"), and SPV II LLC, is GRANTED IN PART and DENIED IN PART as follows:

1. the motion to compel third-party defendant Malka Silberman to disclose initial discovery required by Rule 26(a) is granted in its entirety.  Ms. Silberman is ordered to serve movants with such discovery no later than July 22, 2016.

2. the motion to compel third-party defendant Malka Silberman to serve movants with written responses to movants' first set of requests for the production of documents as well as any responsive documents pursuant to Rule 34 is granted in its entirety.  Ms. Silberman is ordered to serve movants with such discovery no later than July 22, 2016.

3. the motion to compel third-party defendant Malka Silberman to serve movants with written responses to movants' first set of interrogatories signed by her under oath as required by Rule 33 is granted in its entirety.  Ms. Silberman is ordered to serve movants with such discovery no later than July 22, 2016.

4. the motion to compel third-party defendant Malka Silberman to suggest a date, time and location for her own deposition is denied.

5. the motion to compel third-party defendant Malka Silberman to sign waivers relative to documents held by attorneys who previously represented the trust is denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 6th day of July, 2016.

BY THE COURT:

*[signature: Veronica L. Duffy]*

VERONICA L. DUFFY
United States Magistrate Judge