UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SPV-LS, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>　　　　　　　Defendant and Third-Party Plaintiff,<br>　vs.<br><br>NACHMAN BERGMAN, as Trustee of The N Bergman Insurance Trust dated December 18, 2006; MALKA SILBERMAN, as Successor Trustee of The N Bergman Insurance Trust dated December 18, 2006; LIFE TRADING TRUST, dated August 8, 2007; T-LEG, LLC, a/k/a TLEG LLC; FINANCIAL LIFE SERVICES, LLC; SPV II LLC; and THE REPRESENTATIVE OF THE ESTATE OF NANCY BERGMAN,<br><br>　　　　　　　Third-Party Defendants. | 4:14-CV-04092-LLP<br><br><br><br>ORDER ON MOTION TO COMPEL BRIAN DONOHOE TO COMPLY WITH SUBPOENA<br><br>DOCKET NO. 252 |

**INTRODUCTION**

　　This diversity matter is pending before the court on the complaint of plaintiff SPV-LS, LLC. See Docket No. 1. Plaintiff and third-party defendants Life Trading Trust, Financial Services, LLC, and SPV II LLC (collectively the Krasnerman Entities), served on Sioux Falls, South Dakota, attorney Brian Donahoe a subpoena *duces tecum* seeking the production of "all retainer agreements, invoices,

proof of payments, and non-privileged client communications with respect to your representation of the N. Bergman Insurance Trust, Nachman Bergman, Malka Silberman, and/or the Estate of Nancy Bergman in any proceeding involving life insurance on the life of Nancy Bergman." See Docket No. 254-1 at p. 3. Mr. Donahoe objected to the subpoena. Docket No. 254-6 at pp. 5-7. The Krasnerman Entities then filed a motion to compel Mr. Donahoe to comply with the subpoena. See Docket No. 252.

The district court, the Honorable Lawrence L. Piersol, referred the motion to this magistrate judge for decision. See Docket No. 276. This court has authority to rule on the motions pursuant to the October 16, 2014, standing order of the Honorable Karen E. Schreier, district judge, and 28 U.S.C. § 636(b)(1)(A).

## FACTS

A thumbnail sketch of the facts of this action, recited only to provide context for discussion of the discovery disputes, is as follows. Nancy Bergman, a school teacher of modest means, obtained a $10 million life insurance policy on herself from defendant Transamerica Life Insurance Company and placed that policy into the N. Bergman Insurance Trust dated December 18, 2006. Nancy's grandson, third party defendant Nachman Bergman, was the beneficiary and trustee of the trust. Allegedly, Malka Silberman took over as trustee of the trust in 2008, though that is a disputed fact. Transamerica claims it was never notified of the change in the identity of the trustee until after Nancy's death in 2014.

Nancy also apparently obtained a $5 million insurance policy on her life from another insurer, Sun Life Assurance Company, and also placed that

policy into a trust. That policy is not part of this District of South Dakota litigation. Separate litigation concerning the Sun Life policy is pending in the District of New Jersey. See <u>Sun Life Assurance Co. of Canada v. Wells Fargo Bank, N.A. as Securities Intermediary</u>, 3:14-CV-05789-PGS-LHG (D.N.J.).

Regarding the Transamerica policy at issue in this litigation, in 2009, Nachman is alleged to have sold the insurance policy from the N. Bergman trust to FLS. After the sale, FLS discovered that the premiums on Nancy's life insurance policy had not been paid. It also discovered that Nachman's representations that Nancy was on death's doorstep were inaccurate. Nachman, for his part, denies that he ever entered into these transactions with FLS, suggesting an imposter posing as Nachman dealt with FLS. He claims someone forged his signature to the pertinent sale documents involving FLS.

FLS brought suit against the trust in federal district court for the Eastern District of New York. Default was entered against the trust because it never answered. Thereafter, an auction of Nancy's life insurance policy was held in 2012. FLS bought the policy at the auction for $1.19 million. FLS then transferred the policy to the plaintiff herein, SPV-LS, LLC.

On April 6, 2014, Nancy died. Thereafter, both SPV-LS, LLC and Malka Silberman on behalf of the trust, submitted claims to Transamerica for the policy proceeds. SPV-LS, LLC brought this suit against Transamerica in this court, alleging a claim of breach of contract. Transamerica interpleaded the policy proceeds and sued Nachman, Ms. Silberman, Nancy's estate, and other

third-party defendants, alleging that Transamerica was unable to determine which of the claimants was legitimately entitled to the proceeds of the policy.

A series of lawyers in New York have allegedly represented the trust, though Ms. Silberman now claims she never hired these New York lawyers. In this litigation, a succession of lawyers have made appearances on behalf of Ms. Silberman. First attorneys Pamela Reiter and Ronald Parsons appeared. They withdrew after thirteen months. Then after a month's lapse, Matthew Dorothy appeared. Mr. Dorothy withdrew less than five months later. Andrew Citron of New York purported to represent Ms. Silberman and communicated with counsel for other parties in that capacity (see Docket No. 198), but Mr. Citron never formally entered a notice of appearance in this case. On April 8, 2016, Aaron Twersky of New York City and James Moore, as local counsel, noticed their appearance on behalf of Ms. Silberman. The estate of Nancy Bergman has been represented from September 18, 2015, until the present by Mr. Donahoe and Mr. Gerald Kroll.

A number of subpoenas *duces tecum* were issued to lawyers in connection with the litigation surrounding the life insurance policies on Nancy Bergman. In the New Jersey litigation, the attorneys for Sun Life served Sioux Falls attorney Pamela Reiter (fka Bollweg) with a subpoena *duces tecum* requesting documents relating to any life insurance policy on Nancy Bergman's life. See Sun Life Assurance Co. of Canada v. Wells Fargo Bank N.A. as Securities Intermediary, 4:15-mc-00116-KES, Docket No. 1-1 (D.S.D.). Ms. Reiter moved to quash the subpoena and for a protective order, asserting

the documents requested were protected by the attorney-client privilege or the work product doctrine.  Id. at Docket No. 1.  Judge Schreier denied the motion to quash and denied the request for a protective order, holding that Ms. Reiter had not demonstrated that the documents were protected.[1]  Id. at Docket No. 7.

In this litigation, the Krasnerman Entities served subpoenas *duces tecum* on three New York attorneys, Nelson Bloom, Stuart Davis, and Andrew Citron, who either had previously represented Malka Silberman or the N. Bergman Trust, or who were alleged to have done so.  See In re:  Rule 45 Subpoenas Issued to Nelson Bloom, Stuart Davis, and Andrew Citron, 1:16-mc-00156-P1 (S.D.N.Y.).  Those attorneys resisted the subpoenas on grounds of attorney-client privilege and work product doctrine.  The Krasnerman Entities moved to compel compliance with the subpoenas in federal district court for the Southern District of New York.[2]  The Honorable Katherine B. Forrest, United States District Judge, found the documents requested were not protected and ordered the three attorneys to comply with the subpoenas.  Id. at Docket No. 20.

---

[1] The proper forum for a motion to compel compliance with a subpoena, or for a motion to quash a subpoena, is the district court where compliance with the subpoena is required.  See FED. R. CIV. P. 45(d)(2)(A)(i) and (d)(3).  Because the subpoena issued in connection with the District of New Jersey case required compliance in the District of South Dakota, the motion to quash was properly venued here.  Id.

[2] Because the subpoenas required compliance in New York, the proper forum for a motion to compel compliance with the subpoenas was New York. See Footnote 1, *supra*.

The Krasnerman Entities also served Sioux Falls attorneys Matthew Dorothy and Alan Peterson with subpoenas *duces tecum*. Those two attorneys voluntarily complied with the subpoenas, asserting attorney-client privilege and work product doctrine arguments as to only a portion of the documents requested in the subpoenas. The Krasnerman Entities filed motions to compel further compliance with those subpoenas. See Docket Nos. 258 & 261. The court ordered both attorneys to provide additional documents responsive to the subpoenas. See Docket Nos. 309, 310 & 321.

The Krasnerman Entities also served Pamela Reiter and Ronald Parsons with subpoenas *duces tecum*. Ms. Reiter and Mr. Parsons served as counsel of record for third-party defendants Nachman Bergman and Malka Silberman in this case from September 25, 2014, until October 20, 2015. See Docket Nos. 41, 42 & 111. Both attorneys resisted the subpoenas on the basis of attorney-client privilege and work product doctrine. See Docket No. 303. The court granted the motion to compel compliance with the subpoenas in part. See Docket No. 327. Specifically, the court ordered Ms. Reiter and Mr. Parsons to produce bank records, retainer agreements, and client invoices. Id. The court allowed redactions of the client invoices as necessary to protect trial strategy and attorney recommendations, so long as those redactions were accompanied by a privilege log. Id. The court now considers the subpoena served on Mr. Donahoe.

**DISCUSSION**

**A.     Rule 45**

Rule 45 of the Federal Rules of Civil Procedure provides the procedure for serving subpoenas on nonparties.  See FED. R. CIV. P. 45(a) and (b).  The same rule also describes by what procedure a nonparty served with a subpoena may assert an objection to that subpoena.  See FED. R. CIV. P. 45(d)(2)(B).  Objections to producing documents pursuant to a subpoena must be served on the party issuing the subpoena within 14 days after the subpoena is served or prior to the time specified for compliance with the subpoena.  Id.  After an objection is made, the party which issued the subpoena may bring a motion for an order compelling compliance with the subpoena.  See FED. R. CIV. P. 45(d)(2)(B)(i).

Rule 45 specifies what is required if a party withholds subpoenaed documents under a claim that it is privileged or subject to protection as trial-preparation material.  See FED. R. CIV. P. 45(e)(2)(A).  The party must (1) expressly make the claim of privilege and (2) describe the nature of the documents being withheld in such a manner that does not reveal information that is privileged or protected, but which allows the parties to assess the claim of privilege.  Id.

**B.     Brian Donahoe Subpoena**

    **1.     Meet and Confer "Requirement"**

In responding in opposition to the Krasnerman Entities' motion to compel, Mr. Donahoe cites Rule 37 and argues that the motion should be denied because the movants did not attempt to meet and confer with him prior to filing the motion. See Docket No. 301 at p. 3.  However, with regard to a subpoena, the operative Rule of Civil Procedure is Rule 45, not Rule 37.  Rule 45 contains no requirement

7

that the party serving the subpoena meet and confer with the person on whom the subpoena was served prior to filing a motion to compel.  See FED. R. CIV. P. 45(d)(2)(B)(i).

The provisions of Rule 37 specifically apply to discovery sought under Rules 26, 30, 31, 33 and 34 of the Rules of Civil Procedure.  See FED. R. CIV. P. 37(a)(3). Here, discovery is sought pursuant to Rule 45, not one of the rules specifically mentioned in Rule 37.  In addition, this court's local rule regarding the meet and confer requirement states that "parties" must confer in good faith before a discovery motion is filed.  See DSD LR 37.1.  Here, it is Mr. Donahoe from whom the discovery is sought.  He is not a party to this litigation; rather, he is an attorney for one of the parties.  The court concludes that Krasnerman Entities' failure to meet and confer with Mr. Donahoe (if in fact that failure occurred) is not an impediment to this court's consideration of the motion.

    2.    **Attorney Work Product and Attorney-Client Privilege**

As of the date the Krasnerman Entities filed this motion to compel, Mr. Donahoe had not provided any documents in response to the subpoena.  He also had not produced any privilege log.  In reference to the lack of a privilege log, he claims that any privilege log would itself necessarily reveal the protected work product.  After the motion to compel was filed, Mr. Donahoe produced some records, many heavily redacted.  Again, no privilege log was provided to support the claim of privilege with regard to the redactions.

Mr. Donahoe also claims he is "only" local counsel for the Estate.  He asserts he only has three categories of documents in his possession: (1) communications with co-counsel Gerald Kroll, (2) pleadings filed in the court's

docket, and (3) communications with counsel for other parties in this matter.  As to the latter two categories of documents, Mr. Donahoe asserts that those documents are already in the possession of the Krasnerman Entities either because they have been electronically served on them (i.e. pleadings) or because they were sent to them directly (communications).  As to the communications between Mr. Kroll and Mr. Donahoe, he asserts these communications are attorney work product which reveal counsel's trial strategy and legal theories.  He further asserts that the communications between himself and Mr. Kroll number in the thousands and it would be unduly burdensome for him to produce a privilege log for those communications.

      It is hard to see how communications between Mr. Donahoe and Mr. Kroll are called for by the subpoena.  The subpoena, to repeat, asks for: "all retainer agreements, invoices, proof of payments, and non-privileged client communications with respect to your representation of the . . . Estate of Nancy Bergman in any proceeding involving life insurance on the life of Nancy Bergman."  See Docket No. 254-1 at p. 3.  Co-counsel Gerald Kroll is not Mr. Donahoe's client herein; the Estate of Nancy Bergman is Mr. Donahoe's client.  See Docket No. 302 at p. 3, ¶ 6 (Affidavit of Brian Donahoe stating "My client is the Estate of Nancy Bergman.").  The person appointed as the representative of the estate is Sym Jared Bergman.  Id. at p. 2, ¶ 2.  Therefore, "non-privileged client communications with respect to [Donahoe's] representation of the . . . Estate" would be communications between Donahoe and Sym, of which Mr. Donahoe asserts there are no such communications.  The subpoena does not even ask for communications between the two lawyers, Kroll and Donahoe.  To the extent the subpoena *did* request such

9

documents, it specifies that it is requesting only those communications that are non-privileged.  This issue is a red herring.

Mr. Donahoe's assertions do not explain why he cannot produce the retainer agreement, billing statements, and proof of payments in his case, even if those must be redacted in some fashion.  Rule 45 does not allow one responding to a subpoena to assert a privilege and not comply with the requirement of a privilege log.  See FED. R. CIV. P. 45(e)(2)(A).  Counsel has not complied with this requirement.  Counsel can certainly provide a privilege log that does not disclose attorney work product or attorney-client privilege but that describes the documents being withheld sufficiently to allow the Krasnerman Entities to evaluate the claim of privilege.  If portions of a document are not privileged, the document should be redacted to provide the portion that is not protected; a privilege log should be provided to cover the portion of any document being redacted.

Mr. Kroll, who practices law in the state of California, has submitted a declaration stating that, under California law, attorney retainer agreements are protected by the attorney-client privilege.  See Docket No. 251.  However, the subpoena at issue here was served on Mr. Donahoe, not Mr. Kroll.  The Krasnerman Entities' motion to compel does not seek to obtain Mr. Kroll's retainer agreement with the Estate.  It seeks to obtain Mr. Donahoe's retainer agreement.  That retainer agreement was entered into in South Dakota and, by Mr. Donahoe's own assertions, nearly all the work Mr. Donahoe has done on behalf of the Estate has been done in the state of South Dakota.  Even Mr. Donahoe asserts that South Dakota state law regarding attorney-client privilege applies to the disclosure of his

retainer agreement.  See Docket No. 301 at p. 8.  The court agrees South Dakota law controls the substantive law of attorney-client privilege.

In a diversity case such as this, state law controls the question of attorney-client privilege.  Baker v. Gen. Motors Corp., 209 F.3d 1051, 1053 (8th Cir. 2000).  The party asserting the privilege has the burden of demonstrating a factual basis for the privilege.  State v. Rickabaugh, 361 N.W.2d 623, 624 (S.D. 1985).  To establish the privilege applies, four elements must be established:  (1) a client, (2) who made a confidential communication, (3) to facilitate the rendition of professional legal services to the client, (4) between the client and the attorney.  Nylen v. Nylen, 873 N.W.2d 76, 79 n.1 (S.D. 2015).  Absent unusual circumstances, fee agreements between lawyer and client have been held not to come within the attorney-client privilege in South Dakota.  See Matter of Discipline of Rensch, 333 N.W.2d 713, 715-16 (S.D. 1983) (citing Hedges v. Hedges, 209 N.W.2d 660 (S.D. 1973); Higgs v. Bigelow, 164 N.W. 89 (S.D. 1917)).

Here, Mr. Donahoe has not carried his burden of showing why his retainer agreement, his billing statements, or payment receipt documents come within the purview of the attorney-client privilege instead of coming within the purview of the normal rule that fee agreements are generally not privileged.  These documents must be produced pursuant to the subpoena.

## CONCLUSION

Based on the foregoing law, facts and analysis, it is hereby

ORDERED that the Krasnerman Entities' motion to compel as to Mr. Donahoe [Docket No. 252] is granted in part and denied in part as follows: Documents already in the possession of the Krasnerman Entities' (pleadings and

communications to them or on which they are copied) need not be reproduced. The remaining documents described in the subpoena shall either be produced to the Krasnerman Entities within 15 days from the date of this order, or a privilege log in compliance with Rule 45 must be served on the Krasnerman Entities, also within 15 days from the date of this order.  If a particular document contains both privileged and nonprivileged material, the document shall be produced with the privileged portion redacted and a privilege log provided for the redaction.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED August 11, 2016.

BY THE COURT:

*Veronica L. Duffy* (signature)
VERONICA L. DUFFY
United States Magistrate Judge

13