UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SPV-LS, LLC,<br><br>        Plaintiff,<br><br>  vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>        Defendant and<br>        Third-Party Plaintiff,<br>  vs.<br><br>NACHMAN BERGMAN, as Trustee of The N Bergman Insurance Trust dated December 18, 2006; MALKA SILBERMAN, as Successor Trustee of The N Bergman Insurance Trust dated December 18, 2006; LIFE TRADING TRUST, dated August 8, 2007; T-LEG, LLC, a/k/a TLEG LLC; FINANCIAL LIFE SERVICES, LLC; SPV II LLC; and THE REPRESENTATIVE OF THE ESTATE OF NANCY BERGMAN,<br><br>        Third-Party<br>        Defendants. | 4:14-CV-04092-LLP<br><br><br>FURTHER<br>ORDER AND<br>REPORT AND RECOMMENDATION ON PLAINTIFF'S AND THIRD-PARTY DEFENDANTS' MOTION TO COMPEL AND FOR SANCTIONS AGAINST THIRD-PARTY DEFENDANT NACHMAN BERGMAN<br><br>DOCKET NO. 278 |

      This diversity matter is pending before the court on the complaint of plaintiff SPV-LS, LLC.  See Docket No. 1.  Plaintiff and third-party defendants Life Trading Trust, Financial Services, LLC, and SPV II LLC (collectively the Krasnerman Entitites), filed a motion to compel third-party defendant

Nachman Bergman to produce documents and for sanctions.  See Docket No. 278.  No party filed any pleading in opposition to this motion.  See DSD LR 7.1B.

On June 30, 2016, this court entered an order resolving this motion with alternative sanctions.  See Docket No. 311.  The court ordered Nachman Bergman to (1) immediately contact counsel for the Krasnerman Entities and make arrangements for his deposition to be taken, at his expense, within the next six weeks; and (2) serve the Krasnerman Entities with proper responses to the discovery requests that had been propounded on Mr. Bergman by those parties within two weeks in advance of the date set for his deposition.  Id.

In the alternative, the court notified Nachman Bergman that if he failed to take the above steps, the court would take the following actions:  (1) enter a default judgment against him, (2) strike his affidavits from the record, and (3) prohibit him from offering testimony in support of or in opposition to any claim or defense in this matter.  Id.

Counsel for the Krasnerman Entities has notified this court that Nachman Bergman did not respond to this court's June 30, 2016 order.  See Docket Nos. 345 & 346.  Accordingly, it is hereby

RECOMMENDED that default judgment be entered against Nachman Bergman.  It is further

ORDERED that each affidavit attested to by Nachman Bergman shall be stricken from the record in this litigation and may not be used by any party for any purpose.  It is further

ORDERED that Nachman Bergman is prohibited from testifying for or against any claim or defense in this litigation for any party.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this recommendation and order before the district court.  Reconsideration of the recommendation for entry of default judgment shall be on a *de novo* basis.  Reconsideration of the order striking affidavits and ordering that Nachman Bergman not testify in this matter shall be upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a) and (b); 28 U.S.C. § 636(b)(1)(A) and (B).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED August 16, 2016.

BY THE COURT:

*(signature)*

VERONICA L. DUFFY
United States Magistrate Judge