UNITED STATES DISTRICT COURT



**FILED**

SEP 2 3 2016

CLERK

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

```
******************************************************************
                                    *
SPV-LS, LLC,                        *   CIV 14-4092
                                    *
            Plaintiff,              *
                                    *
    vs.                             *
                                    *        ORDER
TRANSAMERICA LIFE INSURANCE         *
COMPANY,                            *
                                    *
            Defendant and           *
            Third-Party Plaintiff,  *
                                    *
    vs.                             *
                                    *
NACHMAN BERGMAN, as Trustee         *
of The N Bergman Insurance Trust    *
dated December 18, 2006;            *
MALKA SILBERMAN, as Successor       *
Trustee of The N Bergman Insurance  *
Trust dated December 18, 2006;      *
LIFE TRADING TRUST,                 *
dated August 8, 2007;               *
T-LEG, LLC, a/k/a TLEG LLC;         *
FINANCIAL LIFE SERVICES, LLC;       *
SPV II LLC; and                     *
THE REPRESENTATIVE OF THE           *
ESTATE OF NANCY BERGMAN,            *
                                    *
            Third-Party Defendants. *
                                    *
******************************************************************
```

This case involves who gets the $10 million that Transamerica Life Insurance Company deposited with the Court because in view of conflicting claims it did not know who to pay those proceeds to following the death of the insured, Nancy Bergman. At issue are the Motions of the current counsel for Malka Silberman, the Successor Trustee of The N Bergman Insurance Trust, to

withdraw as counsel of record. This is the third set of lawyers that have asked to withdraw from representing this Third-Party Defendant.

The first counsel, the firm of Johnson, Janklow, Abdallah, Bollweg & Parsons LLP, in Sioux Falls, South Dakota, appeared of record on September 25, 2014, and were allowed to withdraw by the Court's Order of October 20, 2015. The primary reason given for the withdrawal was because of conflicts of interest that arose in the joint representation of the former and the successor trustees of The N Bergman Insurance Trust, that being Nachman Bergman and Malka Silberman, respectively.

Next, on November 19, 2015, Attorney Matthew Dorothy, of Dorothy & Krause Law Firm, PC, in Sioux Falls, South Dakota, made his appearance, and on February 12, 2016, made a Motion to Withdraw, and on April 8, 2016, was allowed to withdraw from representing Malka Silberman, as Successor Trustee of The N Bergman Insurance Trust. Although another lawyer from New York, Andrew Citron, was communicating with Mr. Dorothy, Mr. Citron never made an appearance in this Court and no request was made to admit Mr. Citron *pro hac vice*. The reason given for the request for authorization to withdraw was that the client relationship had deteriorated to the point where it was threatening the adequacy of representation to the client.

Next, Attorney James Moore of Woods, Fuller, Shultz & Smith in Sioux Falls, South Dakota, and Aaron Twersky of Twersky PLLC, in New York, New York, made their appearances on April 8, 2016, with Shella Sadovnik of the Twersky firm, making her appearance *pro hac vice* on June 6, 2016. Those lawyers now request that they be allowed to withdraw as counsel for Malka Silberman, as Successor Trustee of The N Bergman Insurance Trust. Their withdrawal has been resisted by the Plaintiff SPV-LS, LLC, primarily on the basis that their withdrawal would prejudice SPV by impeding the progress of the case and would delay the discovery still to be had from Malka Silberman, as Successor Trustee. The request reflects that Attorney Moore and his firm have not been paid for their services and that although the Twersky firm has been paid $95,00000 to date for legal work, their unpaid billings exceed $200,000.00. The Court notes that there have been numerous collateral proceedings to this case in federal district court in the Eastern and Southern

2

Districts of New York and with one such proceedings now in the Central District of California. The New York proceedings have been brought by Plaintiff SPV. The Twersky firm as a small firm of three lawyers cannot sustain the level of work necessary in this case without payment and it is averred that their continued involvement without pay may result in the closing of the firm.

## DISCUSSION

Under Local Rule of Civil Practice 83.7 C. withdrawal without substitution may be granted only upon a showing of good cause. When determining whether good cause exists for an attorney to withdraw, the Court applies the State's professional ethics rules where the Federal Court is located. *Native American Council of Tribes v. Weber*, No. 09-4182, 2011 WL 2898081. The South Dakota Rules of Professional Conduct provide the lawyer may withdraw from representing his client if:

(1)     Withdrawal can be accomplished without material adverse effect on the interests of the client;

(2)     The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3)     The client has used the lawyer's services to perpetrate a crime or fraud;

(4)     The client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

(5)     The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6)     The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7)     Other good cause for withdrawal exists.

With regard to consideration (1), the withdrawal can be accomplished without an adverse effect upon the client only if the client obtains other representation. This is especially true in a case such as this where Ms. Silberman cannot appear *pro se* to represent The N Bergman Insurance Trust

3

as she is not a lawyer. *See Knoefler v. United Bank of Bismarck*, 20 F. 3rd 347, 348 (8th Cir. 1994). In addition, as the Eighth Circuit points out, "Since a corporate entity cannot proceed pro se, . . . the plaintiffs will be entitled to default judgment against Maid-Rite if it were unable to secure substitute counsel." *Sanford, et al. v. Maid-Rite Corp., et al.*, 816 F.3d 546, 550 (8th Cir. 2016).

Two of the other considerations in the Rules of Professional Conduct under 1.16 that have particular application to this case is that the client has failed to substantially fulfill an obligation concerning the lawyer's services, consideration 5. Consideration 6 is that the representation will result in an unreasonable financial burden upon the lawyer and the client has been given reasonable warning that the representation will terminate unless the obligation is fulfilled. Mr. Twersky represents under oath that he gave notice of the motion to withdraw to Ms. Silberman and that Ms. Silberman gave her consent to the termination withdrawal of counsel.

The Court does not know when the notice to and consent by Ms. Silberman took place other than that it had to have been before the Motions to Withdraw were filed on August 19, 2016. The Court needs to know when the notice of withdrawal and consent took place because from that time on Ms. Silberman knew that she had to get other counsel.

The Court delayed ruling on this matter until now so that discovery could be completed by the last date set for the discovery deadline, that being September 16, 2016. There is still discovery outstanding which the Plaintiff SPV has yet to receive. In addition, the Estate of Nancy Bergman wishes to take the deposition of Nachman Bergman and this Court previously ruled that such questioning could take place at the deposition of Nachman Bergman that was being taken by Plaintiff SPV. The deposition of Nachman Bergman may still be taken or completed despite the discovery deadline. If Plaintiff SPV does not take or continue the taking of Nachman Bergman's deposition, then the Estate of Nancy Bergman may take that deposition. Yesterday SPV filed a letter and sixty-four (64) pages of attachment to prevent the taking of the deposition of Nachman Bergman. This is the same deposition that was so avidly sought by SPV. If Nachman Bergman is at best inconsistent, then SPV counsel will be able to demonstrate that fact. SPV's letter resistance of

4

September 22, 2016 to the taking of Nachman Bergman's deposition is denied.

There are also some other discovery disputes outstanding, one currently pending in the Central District of California which can proceed despite the September 16, 2016 discovery deadline. There is yet one more discovery motion from Plaintiff pending before Magistrate Judge Duffy of this Court. This case does not go to trial until May 30, 2017, so there is more than adequate time available to take care of the currently outstanding discovery motions and disputes. As a result, Plaintiff SPV is not going to be prejudiced by allowing withdrawal of counsel.

The Court is concerned that Ms. Silberman has the time to retain her fourth set of lawyers. Accordingly, the Court wishes to be advised of when Ms. Silberman consented to the withdrawal of current counsel and the Court further desires that the Motions for Withdrawal of current counsel for Ms. Silberman be served upon Ms. Silberman or that a representation be made by said counsel that said Motions were provided to Ms. Silberman and when they were provided. Once the Court learns when Ms. Silberman was advised that counsel was seeking to withdraw, then the Court will set a date at which current counsel will be allowed to withdraw and also a date by which Ms. Silberman, as Successor Trustee of The N Bergman Trust must have substitute counsel.

Accordingly,

IT IS ORDERED:

1. That the Court be advised when and how Malka Silberman, as Successor Trustee of The N Bergman Insurance Trust, was advised that current counsel of record were seeking to withdraw from the case.

2. That the Court be advised if the Motions to Withdraw and supporting documents were not previously given to Ms. Silberman, then they must now be provided to her.

3. That the Court be advised when and how Malka Silberman consented to the withdrawal of current counsel from representation in this case.

4. That SPV's letter Motion to prevent the taking of Nachman Bergman's deposition, Doc. 404, is denied.

5

Dated this 23ʳᵈ day of September, 2016.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY:
        Deputy

6