

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SPV-LS, LLC, | |
| Plaintiff, | CIV 14-4092 |
| vs. | |
| TRANSAMERICA LIFE INSURANCE COMPANY, | |
| Defendant and Third-Party Plaintiff, | ORDER |
| vs. | |
| NACHMAN BERGMAN, as Trustee of The N Bergman Insurance Trust dated December 18, 2006; MALKA SILBERMAN, as Successor Trustee of The N Bergman Insurance Trust dated December 18, 2016; LIFE TRADING TRUST, dated August 8, 2007; T-LEG LLC, a/k/a TLEG LLC; FINANCIAL LIFE SERVICES, LLC; SPV II LLC; and THE REPRESENTATIVE OF THE ESTATE OF NANCY BERGMAN, | |
| Third-Party Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Plaintiff, SPV-LS, LLC ("SPV") and Third-Party Defendants, Life Trading Trust, dated August 8, 2007 ("LTT"), Financial Life Services ("FLS"), and SPV II, LLC ("SPV II"), collectively, the "Krasnerman Entities," Motion to Voluntarily Dismiss Cross-Claims Against the Estate Without Prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Doc. 235.

Rule 41(a)(2) provides in relevant part: "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the

defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." FED. R. CIV. PRO. 41(a)(2).

Here, Third-Party Defendant, The Representative of the Estate of Nancy Bergman ("the Estate"), filed a counterclaim/crossclaim against Plaintiff on September 18, 2015. Doc. 92 at 12-25. On May 4, 2016, the Krasnerman Entities filed the current Motion to Voluntarily Dismiss. Doc. 235. The Estate did not file an objection to that motion.

Rule 41(a)(2) does not indicate a procedural instruction when a defendant does not file an objection to a motion to voluntarily dismiss. The rule does provide, however, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. PRO. 41(a)(2). Pursuant to Rule 41(a)(2), the Court grants the Krasnerman Entities' Motion to Voluntarily Dismiss, however, since the Estate filed its counterclaim/crossclaim before being served with the current motion, the Estate's counterclaim/crossclaim against Plaintiff remain pending for independent adjudication.

Additionally, the Krasnerman Entities request that the Court toll the statute of limitations applicable to the Cross-Claims pending the expiration or resolution of any appeal by the Estate of the April 14, 2016 Order, declare the Estate's discovery demands null and void, declare the Estate a non-party, and transfer the Krasnerman Entities' Motion to Compel to the United States District Court for the Southern District of New York.

The Krasnerman Entities do not cite any legal authority, other than Rule 41(a)(2), nor is the Court aware of any such authority that would allow the Court to toll the statute of limitations. The Eighth Circuit has found that "[a] dismissal without prejudice does not toll a statute of limitations. Indeed its effect is just the opposite. Once a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had ever been filed." *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662 (8th Cir. 1995) (internal citations omitted); *see also* Wright & Miller 9 Fed. Prac. & Proc. Civ. § 2367 (3d ed.) ("[I]t seems well settled in the case law that the statute of limitations is not tolled by bringing an action that later is dismissed voluntarily under Rule 41(a).").

2

Further, the Estate remains a party to the suit pending the independent adjudication of its counterclaim/cross claim. Any discovery demands, therefore, cannot be termed a nullity. The Court finds that neither Rule 41(a)(2) nor any other legal authority allows the above-stated requests. As such, the requests are denied. Accordingly,

IT IS ORDERED,

1. That the Motion to Voluntarily Dismiss Cross-Claims Against the Estate Without Prejudice, Doc. 235, is granted;

2. That the Estate's counterclaim/crossclaim against Plaintiff, Doc. 92, remaining pending for independent adjudication;

3. That tolling the statute of limitations applicable to such Cross-Claims pending the expiration or resolution of any appeal by the Estate of the April 15, 2016 Order is denied;

4. That declaring the Estate's discovery demands to be null and void is denied;

5. That declaring the Estate a non-party is denied;

6. That transferring the Motion to Compel to the United States District Court for the Southern District of New York is denied.

Dated this 1st day of December, 2016.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)    DEPUTY