

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| SPV-LS, LLC, | \* | CIV 14-4092 |
| Plaintiff, | \* | |
| vs. | \* | ORDER ON |
| | \* | MOTION FOR |
| TRANSAMERICA LIFE INSURANCE COMPANY, | \* | RECONSIDERATION |
| | \* | (Doc. 375) |
| Defendant and Third-Party Plaintiff, | \* | |
| vs. | \* | |
| NACHMAN BERGMAN, as Trustee of The N Bergman Insurance Trust dated December 18, 2006; MALKA SILBERMAN, as Successor Trustee of The N Bergman Insurance Trust dated December 18, 2006; LIFE TRADING TRUST, dated August 8, 2007; T-LEG, LLC, a/k/a T-LEG LLC; FINANCIAL LIFE SERVICES, LLC; SPV II LLC; and THE REPRESENTATIVE OF THE ESTATE OF NANCY BERGMAN, | \* | |
| Third-Party Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Appeal by Nachman Bergman was taken from Magistrate Judge Duffy's Order of August 16, 2016 recommending entry of a default judgment for Nachman Bergman making minimal effort to comply with Magistrate Duffy's Order of June 30, 2016. The June 30, 2016 Order had offered alternate sanctions for Nachman Bergman's failure to respond to discovery and being a no show for his May 23, 2016 deposition for which he had been subpoenaed to appear. To begin with, this Court agrees that sanctions should be imposed for various failures to comply with the Order of Magistrate

Judge Duffy and the discovery failings detailed in Judge Duffy's Report and Recommendation. The question is what sanctions should be imposed under FED. R. CIV. P. 37. In making that determination this Court will also consider events subsequent to Judge Duffy's Orders and Report and Recommendation.

The first question is whether the Objections were timely served to the Report and Recommendation of August 16, 2016. The Court finds there was timely service as Nachman Bergman was *pro se* and thus entitled to service by mail rather than electronic service, so additional time is allowed for mail service and as a result the Objections were timely.

The question of Nachman Bergman as an individual and Nachman Bergman as Trustee of The N Bergman Insurance Trust should be discussed. The discovery demands and the Report and Recommendation most often deal with Nachman Bergman as an individual. The Court has previously ruled that Nachman Bergman as Trustee of The N Bergman Insurance Trust can only appear in this case through counsel of record. Nachman Bergman the individual can, however, appear *pro se*. In the cross-claims and counterclaims filed in this case, both Nachman Bergman and Malka Silberman counterclaimed and cross-claimed as Trustee and Successor Trustee of The N Bergman Insurance Trust and also in their individual capacities.

The discovery was mostly directed at Nachman Bergman as an individual. It also appears that the two Orders and the Report and Recommendation deal with Nachman Bergman the individual as opposed to the Trustee status. The Further Order and Report and Recommendation, Doc. 347, filed August 16, 2016 states: "RECOMMENDED that default judgment be entered against Nachman Bergman." The effect of that recommendation is to dismiss Nachman Bergman's Cross-Claim and Counterclaim but the Cross-Claims and Counterclaims of Nachman Bergman as Trustee of The N Bergman Insurance Trust would stand.

Subsequent to the June 30, 2016 Report and Recommendation there were some limited attempts by Nachman Bergman to comply with the Order of June 30, 2016. As for access to the gmail account, the statement by Google that it was providing access to the account pursuant to

subpoena, if not objected to within 5 days, it was reasonable for Nachman Bergman to assume that the email disclosure was complied with. There also were unsigned interrogatory Answers provided by Nachman Bergman prior to the August 16, 2016 Order. The unsigned Answers may have been a good faith belated attempt at compliance despite the fact that they must be signed.

There is no excuse provided for not appearing at the deposition or asking in advance for a continuance of the first deposition scheduled for May 23, 2016. Sanctions should be imposed for that failure to appear in addition to the failure to respond to earlier discovery requested by SPV.

Nachman Bergman's deposition was previously taken on January 5, 2016 in the Sun Life case, but that does not excuse a failure to appear for the May 23, 2016 deposition in this case. In addition, Magistrate Judge Duffy ordered on June 30, 2016 that Nachman Bergman was to immediately contact counsel for SPV and arrange for the taking of his deposition. There was some contact but Nachman Bergman's deposition was not taken until October 15 and 16, 2016. The Further Order and Report and Recommendation was entered on August 16, 2016. Nachman Bergman was *pro se* through all of this. That does not excuse anything but it should be taken into account in considering the appropriate sanction. A factor that this Court is considering concerning the deposition not being taken promptly after the June 30, 2016 Order is that another lawyer for SPV, not Attorney Foss, in a July 27, 2016 email to Nachman Bergman said that he had to prepay the $15,000 of expenses for his deposition no show before his subsequent deposition, which had to be taken by August 11, 2016 to be in compliance with the time schedule set in Judge Duffy's Order. The Order had specified that the deposition would be taken at Nachman Bergman's expense. Counsel stated to Bergman in the July 27 email that the up front expense for the subsequent deposition would exceed $15,000 but they would proceed with his prepayment of $15,000. Bergman may be of limited means but there has been no showing that he could not pay the $15,000. He did not pay and the deposition did not take place until October 15 and 16, by which time Nachman Bergman was represented for purposes of the deposition even though that lawyer is not of record in this case. Bergman represents that on August 16, 2016 he did get counsel for the limited purpose of his deposition, that being the same day as Judge Duffy's second Order.

For its de novo review, the Court does not find that entering default judgment against Nachman Bergman is an appropriate sanction. Given the more recent history of deposition compliance with the assistance of counsel, the appropriate sanction is less than a default. Another consideration is that the testimony of Nachman Bergman should be available for trial both for his claims and for the claims of others even though there may be a commonality of interest between Nachman Bergman and Malka Silberman as individuals and as successor trustees. The Court finds that a monetary sanction is appropriate under these circumstances. The Court can only surmise from the record that Nachman Bergman is of limited means. SPV and Nachman Bergman, both or either of them, can submit whatever information they wish to on Nachman Bergman's financial condition within twenty (20) days of the date of this Order. If nothing is submitted, the Court will in any event enter a monetary sanction. Anything submitted by Nachman Bergman must be submitted under oath. Whatever the sanction winds up being, it does not make Nachman Bergman immune from further sanctions if warranted. The above review is de novo.

As for further sanctions, if Nachman Bergman does not fully respond to previous discovery requests, this Court will then consider further sanctions, including the dismissal of Nachman Bergman's claims and prohibiting the entry of his testimony at trial or the consideration of his affidavits. If someone testifies at trial, the testimony should be subject to being tested by discovery fully produced.

The Federal Magistrates Act provides the "clearly erroneous or contrary to law" standard of review for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). A finding is "contrary to law" when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008). Although the Court recognizes the deference to which a Magistrate Judge's order is entitled, the Court concludes that the August 16, 2016 Order that "each affidavit attested to by Nachman Bergman shall be stricken from the record in this litigation and may not be used by any party for any purpose[,]" and "that Nachman Bergman is prohibited from testifying for or against any claim or defense in this litigation for any party[,]" are contrary to law.

The Eighth Circuit has noted that "there is a strong policy in favor of deciding a case on its merits, and against depriving a party of his day in Court." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1020 (8th Cir. 1999). As such, "'the opportunity to be heard is a litigant's most precious right and should be sparingly denied.'" *Id.* (quoting *Edgar v. Slaughter*, 548 F.2d 770, 773 (8th Cir. 1977). This Court in its de novo review did not as its sanction enter a default against Nachman Bergman. An unintended result that follows from that presently necessary ruling is that the other rulings in the Order of August 16, 2016 in effect became a dispositive ruling. The reason is that this Court anticipates that summary judgment motions will be filed by SPV against Nachman Bergman and Nachman Bergman as Trustee. The Order in question would in effect grant default against Nachman Bergman in his individual and Trustee capacities because he would not be able to counter the summary judgment motions either by affidavit or his deposition testimony.

Nancy Bergman is dead and no testimony was taken from her before her death. There was no reason to take her testimony because the issues did not arise until after her death in April of 2014 when the policies became payable. Nachman Bergman appears to be the only person that has knowledge of many of the facts concerning these claims. The sanction is not for perjuring himself but for failure to appear for a noticed deposition, comply with a Court Discovery Order and failure to fully comply with pre-trial discovery. If his testimony is claimed to be untrue in some respects, then that credibility should be tested before a jury when this case is tried. Plaintiff is entitled to full disclosure of previously requested discovery as that could among other uses be of aid in cross-examination. Failure to comply with discovery requests and an Order concerning discovery should not under these circumstances preclude Nachman Bergman's testimony or affidavits. Nachman Bergman will be sanctioned for an amount to be set by this Court for failure to appear when his deposition was noticed and also for failure to respond fully to discovery when ordered to do so by Magistrate Judge Duffy. Any outstanding discovery request still must be complied with. Failure to comply can result in future sanctions. Accordingly,

1. The Motion for Reconsideration, Doc. 375, is in effect an appeal and is granted in part and denied in part as stated above.

2. That the Report and Recommendation and Orders are adopted in part as specified above. The recommendation of default is not adopted after de novo

      review.

3.    That Nachman Bachman will be sanctioned in an amount yet to be determined for willful failure to appear at a noticed deposition and failure to fully comply with a subsequent discovery Order from Magistrate Judge Duffy.

Dated this 13th day of December, 2016.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Deb Peters
      Deputy

6