UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED

MAR 07 2017

*******************************************************************************

|  |  |  |
|---|---|---|
| SPV-LS, LLC, | * | |
| | * | |
| Plaintiff, | * | CIV 14-4092 |
| | * | |
| vs. | * | |
| | * | |
| TRANSAMERICA LIFE INSURANCE | * | |
| COMPANY, | * | MEMORANDUM OPINION AND ORDER |
| | * | ON PLAINTIFF'S AND THIRD-PARTY |
| Defendant and Third-Party | * | DEFENDANTS' MOTION TO COMPEL |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| NACHMAN BERGMAN, as Trustee of The | * | |
| N Bergman Insurance Trust dated December | * | |
| 18, 2006; MALKA SILBERMAN, as | * | |
| Successor Trustee of The N Bergman | * | |
| Insurance Trust dated December 18, 2016; | * | |
| LIFE TRADING TRUST, dated August 8, | * | |
| 2007; T-LEG LLC, a/k/a TLEG LLC; | * | |
| FINANCIAL LIFE SERVICES, LLC; | * | |
| SPV II, LLC; and THE REPRESENTATIVE | * | |
| OF THE ESTATE OF NANCY BERGMAN, | * | |
| | * | |
| Third-Party Defendants. | * | |

*******************************************************************************

Pending before the Court is plaintiff, SPV-LS, LLC ("SPV") and third-party defendants, Life Trading Trust dated August 8, 2007, Financial Life Services, and SPV II, LLC ("Krasnerman Entities"), joint motion seeking to compel The Representative of the Estate of Nancy Bergman ("the Estate") to conduct a reasonably diligent search of Nancy Bergman's records in responding to discovery requests, to produce a privilege log, to produce unredacted retainer agreements and billing records, to supplement discovery responses, and to provide a detailed explanation of its efforts to conduct a reasonably diligent search of Nancy Bergman's records. Doc. 336. This motion is based upon all pleadings and records filed herein. For the

following reasons, the motion will be granted in part and denied in part in accordance with this Order.

## BACKGROUND

The facts of this case have been thoroughly explained in this Court's prior memorandum opinion and orders. *See* Docs. 225; 320. As such, the Court will only recite the facts directly pertinent to this pending motion.

On February 3, 2016, SPV and the Krasnerman Entities ("SPV/Krasnerman Entities") served joint discovery requests on the Estate. Doc. 338-1. On March 7, 2016, the Estate generally and individually objected to virtually every interrogatory and document demand served asserting, among other things, that the information sought was either not relevant or that attorney-client privilege and work product protections applied.[1]  Doc. 338-2. On March 10, 2016, counsel for the Krasnerman Entities emailed a six-page letter to counsel for the Estate documenting the alleged deficiencies in the Estate's discovery responses, including the Estate's failure to produce a privilege log. Doc. 338-3. Counsel requested that the Estate "immediately supplement th[e] responses[,]" and that Symcha Bergman, as the representative of the Estate, "perform a reasonable search of decedent's records and investigat[e] . . . her affairs for purposes of participating in this litigation." *Id.* On April 4, 2016, counsel for the Estate responded that he would reply to the March 10 letter the following day.[2]  Doc. 338-4. The parties exchanged additional emails between April 21 and April 28, 2016 in an attempt to settle the outstanding discovery issues.[3]  Doc. 338-5.

On May 4, 2016, after meet and confer efforts proved unsuccessful, SPV/Krasnerman Entities filed a joint motion compelling the Estate,

> to conduct a reasonably diligent search of the Nancy Bergman's records (whether in his personal possession, or within his control as Executor) in responding to the discovery requests, to produce a privilege log, to supplement his discovery responses in good faith, taking into account the laws governing the scope of attorney client privilege and work product, and to immediately produce the requested medical authorizations.

---

[1] The Estate did not attach a privilege log to its objections. Doc. 338 at ¶ 3.

[2] The Estate did not reply. Doc. 338 at ¶ 6. As of April 27, 2016, the Estate still had not responded to the March 10 letter. Doc. 338-5 ("We have yet to receive your response [to our March 10, 2016 letter].").

[3] In these emails, counsel for the Krasnerman Entities requested a privilege log, responsive documents in Symcha Bergman's possession, or in the alternative, a description of his due diligence in attempting to procure responses to the interrogatories and document demands, and the attorney retainer agreement in order to ascertain whether the Estate and Trustees were "working in concert." Doc. 338-5.

Doc. 237 at 2. On June 28, 2016, Magistrate Judge Veronica Duffy denied the motion based on SPV/Krasnerman Entities' failure to comply with local filing rules.[4] Doc. 305.

Beginning on July 6, 2016, counsel for both parties continued to exchange emails in an effort to resolve the still pending discovery issues.[5] Doc. 338-6; Doc. 368 at ¶ 2. Relevant portions of the subsequent emails are as follows:

**July 6, 2016:**

**SPV/Krasnerman Entities:** To just follow up on our phone call from earlier today, we understand that you are interested in further meeting and conferring about the Estate's responses to the discovery demands. We are, of course, always willing to meet and confer.

**July 11, 2016:**

**SPV/Krasnerman Entities:** I have not heard back from you regarding my [July 6] email . . . . We believe the Estate has had more than enough time to compile and prepare its responses, given that the requests have been outstanding since February 3, 2016, the requests have been the subject of motion filings since May, and the court order providing guidance on the Estate's obligations was issued almost two weeks ago. As you know, the extended discovery deadline is set to expire in mid-September, and we are therefore eager to move forward with discovery from the Estate so that we can schedule [Symcha Bergman's] deposition.

**July 15, 2016:**

**Estate:** As promised during our telephone conversation last week, I followed-up with my client about the financial documents you requested. He has been unable to find a record of TD Bank account # 792349103 or an account at the bank in the name of Nancy Bergman. Santander Bank does have the account number you provided. That bank requires documents (e.g. original death certificates) in order for Symcha Bergman to access the account records. He is in the process of submitting the required documents in an effort to obtain those records.

---

[4] On May 11, 2016, the motion was referred to Magistrate Judge Veronica Duffy pursuant to 28 U.S.C. § 636 (b)(1)(A). Doc. 241. In denying the motion, Judge Duffy found that "th[e] motion was not accompanied by any form of legal memorandum . . . ." Doc. 305 at 2. In the order, Judge Duffy also noted the applicable law in regard to documents that may be in the Estate's "control" and the burden the Estate must meet in order to assert a claim of privilege. *Id.* at 3-5.
[5] Counsel for the Estate called counsel for the Krasnerman Entities on July 6, 2016, in order to aid in the resolution of discovery issues. Doc. 368 at ¶ 2-3.

3

**July 19, 2016:**

**SPV/Krasnerman Entities:**[6] In response to your email . . . wherein you explained that Brian Donahoe is preparing supplemental responses on behalf of the Estate to be provided to us tomorrow. As you know, we have always insisted on receiving responses from the Estate to the specific issues addressed in our March 10, 2016 letter. We still have not received responses to [the] vast majority of the issues, despite meet and confer emails and discussions over the last four months. Meet and confer discussions have been unsuccessful, with the notable exception of the Estate's delivery of Nancy's passport as well as signed medical authorizations.

At this point, we are prepared to wait only one more day for the Estate's supplemental responses.

Doc. 338-6.

Pursuant to those discussions, on July 20 and July 22, 2016, the Estate provided supplemental responses to document demands and interrogatories, respectively. Doc. 338-8; Doc. 338-7.[7] The Estate also produced a redacted retainer agreement. Doc. 338-9. Finding this supplemental documentation to be "wholly deficient,"[8] on August 4, 2016, SPV/Krasnerman Entities filed the current joint motion compelling the Estate to,

(1) conduct a reasonably diligent search of [Nancy Bergman's] records (whether in his personal possession, or within his control) in responding to the discovery requests; (2) produce a privilege log . . . ; (3) produce unredacted retainer agreements and billing records; (4) supplement [] discovery responses in good faith and taking into account the laws governing the scope of attorney-client privilege and work product; and (5) provide a detailed explanation of its efforts to conduct a reasonably diligent search of [Nancy Bergman's] records.

Doc. 336.

After the filing of the motion, on August 25, 2016, the Estate provided SPV/Krasnerman Entities with its Attorney Client & Work Product and Non-Testifying Expert Consultant

---

[6] This email contains the archived date of August 4, 2016, however, based on the Declaration of Svetlana Ivy it appears the email was sent on or about July 19, 2016. Doc. 338-6; Doc. 338 at ¶ 13.
[7] SPV/Krasnerman Entities attached an unsigned version of the supplemental responses to document demands, dated July 20, 2016, Doc. 338-8, and an unsigned version of the supplemental answers to interrogatories, dated July 22, 2016, Doc. 338-7. On August 5, 2016, the Estate provided signed "Supplemental Answers to Plaintiff's First Set of Interrogatories," Doc. 368-1, and on August 26, 2016, the Estate provided signed "Supplemental Responses to Plaintiff and Third Party Defendant's First Set of Document Demands." Doc. 368-2.
[8] Pursuant to the Declaration of Svetlana Ivy, SPV/Krasnerman Entities allege that Interrogatories 1-3, 5-17, 20-23, and 25, and Document Requests 2-17, are deficient. Doc. 338 at ¶ 20, ¶ 32.

privilege logs.[9]   Doc. 368 at ¶ 9; Doc. 368-3; Doc. 368-4.   Additionally, SPV/Krasnerman Entities acquired, through third-party discovery, an unredacted copy of a draft retainer agreement between the Estate and Gerald Kroll, Kroll Law Corporation, *see* Doc. 391-1, and on January 12, 2017, SPV/Krasnerman Entities attached a copy of the unredacted retainer agreement in its Motion for Summary Judgment claiming it was produced by the Estate. *See* Doc. 465 at 11 ("Attached hereto as Exhibit 30 is a true and correct copy of Kroll's signed retainer, produced by Kroll for the very first time on January 12, 2017 . . . . This signed retainer agreement reflects Kroll receiving a large contingency fee if *either* the Trust *or* the Estate prevails in obtaining the Policy proceeds in this proceeding."); Doc. 465-30 (retainer agreement).   Subsequently, on February 8, 2017, in its Response to Motion for Summary Judgment and accompanying Declaration of Gerald L. Kroll, the Estate produced to the Court a "correct, final Retainer Agreement between Mr. Kroll and the Estate[,]" claiming that the retainer agreement produced on January 12, 2017 was not the correct copy produced by the Estate.[10]   *See* Doc. 468 at 1-2 ("[W]e were served with a copy of SPV's Motion for Summary Judgment . . . the Declaration of Douglas Foss . . . and a document entitled 'Statement of Material Facts,' [] both of which contain statements that are false, misleading, and defamatory."); Doc. 469-1 (retainer agreement).

---

[9] In its reply memorandum, SPV/Krasnerman Entities allege the privilege logs are "inadequate." Doc. 390 at 3.

[10] The Court has examined both retainer agreements produced on January 12, 2017 and February 8, 2017, respectively, and notes the only disparity is in "4. LEGAL FEES." In paragraph 3 of that section, the retainer agreement produced on January 12, 2017 states:

> The term "gross recovery" means the total of all amounts received in connection with the Action by any one or more of the following parties, collectively, as a result of settlement, arbitration award, judgment or otherwise, including any award of attorneys fees, before deduction for Costs and Expenses (see Paragraph 6 below): (i) Client; (ii) Nachman Bergman as Trustee of The N Bergman Insurance Trust dated December 18, 2006 (the "Trust"); (iii) Malka Silberman, as Successor Trustee of The N Bergman Insurance Trust dated December 18, 2006; (iv) N Bergman Insurance Trust dated December 18, 2006.

Doc. 465-30.

Alternatively, in paragraph 3 of Section 4, the retainer agreement produced on February 8, 2017 states as follows:

> The term "gross recovery" means the total of all amounts received in connection with the Action as a result of settlement, arbitration award, judgment or otherwise, including any award of attorneys fees, before deduction for Costs and Expenses (see Paragraph 6 below).

Doc. 469-1.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26 governs the scope of discovery in civil cases. Under section (b)(1), parties to a lawsuit may discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1); *see also Black Hills Molding, Inc. v. Brandom Holdings, LLC*, 295 F.R.D. 403, 411 (D.S.D. 2013) ("Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings."); *EEOC v. Woodmen of the World Life Ins. Soc'y*, 2007 WL 1217919, at *1 (D. Neb. Mar. 15, 2007) (internal quotations and citation omitted) ("Relevancy . . . encompass[es] any matter that could bear on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."). However, "[t]he district court has broad discretion to compel or deny discovery, and [an appellate court] will therefore leave undisturbed a district court's ruling unless [it is found] that [the district court] made a clear error of judgment or applied the wrong legal standard." *Jackson v. Corrections Corp. of America*, 606 Fed.Appx 945, 950 (11th Cir. 2015) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306-07 (11th Cir. 2011)).

The party requesting discovery must make "[s]ome threshold showing of relevance . . . before [opposing] parties are required to open wide the doors of discovery . . . ." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). "Once the requesting party has satisfied its threshold showing, the burden then shifts to the party resisting discovery to show specific facts demonstrating that the discovery is irrelevant or disproportional." *Sprint Commc'n. Co. L.P. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 264 (D.S.D. 2016).

Discovery limitations are governed by Rule 26(b)(2)(C). *See Barnes v. District of Columbia*, 289 F.R.D. 1, 5-6 (D.D.C. 2012) ("Courts consider the prior efforts of the parties to resolves the dispute, the relevance of the information sought, and the limits imposed by Rule 26(b)(2)(C) when deciding whether to grant a motion to compel."). Under section (b)(2)(C), discovery may be limited if:

    (i)     the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

    (ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

    (iii)   the proposed discovery is outside the scope permitted by Rule 26(b)(1).

FED. R. CIV. P. 26(b)(2)(C). Pursuant to this rule, however, courts have found that "the articulation of mere conclusory objections that something is 'overly broad, burdensome, or oppressive,' is insufficient to carry the resisting party's burden—that party must make a specific showing of reasons *why* the particular discovery should not be had." *Sprint Commc'n. Co. L.P.,* 316 F.R.D. at 264 (citing *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, 2010 WL 2990118, at *1 (E.D.Mo. July 27, 2010)).

## DISCUSSION

### A. Meet and Confer

Motions to compel discovery disclosures are governed by Federal Rule of Civil Procedure 37. Rule 37(a)(1) and Local Rule 37.1 requires the parties to make a good faith effort to resolve any discovery disputes prior to filing a motion to compel. FED. R. CIV. P. 37(a)(1); LR 37.1; *see also Brandom Holdings, LLC,* 295 F.R.D. at 409 ("A party requesting the discovery is entitled to move for [an order] compelling disclosure after having made a good faith effort to resolve the dispute by first conferring with the other party."); *Pierce v. Fremar, LLC,* 2010 WL 3420169, *1 (D.S.D. Aug. 27, 2010) ("Email, letters, or, even better, direct conversation between the attorneys will satisfy the [meet and confer] requirement."). Additionally, Rule 37 and LR 37.1 require that the filing party include a certification detailing the good faith efforts of the parties to resolve the discovery disputes. FED. R. CIV. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the . . . party failing to make disclosure or discovery in an effort to obtain it without court action."); LR 37.1 ("A party . . . must file a separate certification describing the good faith efforts of the parties to resolve the dispute.").

Here, the Court finds that counsel for SPV/Krasnerman Entities have made a good faith effort to meet and confer with counsel for the Estate in order to resolve the outstanding discovery requests. While not filed as a "separate certification," SPV/Krasnerman Entities motion and attached declarations certify and confirm to the Court that it has attempted to resolve the current discovery disputes without Court involvement. As the documentation above demonstrates, from February 3, 2016—the date SPV/Krasnerman Entities served the initial discovery requests—until May 4, 2016—the date SPV/Krasnerman Entities filed the first motion to compel—counsel for SPV/Krasnerman Entities communicated with counsel for the Estate for several months in an effort to resolve the alleged discovery deficiencies without court involvement. Based on the

information provided to the Court, however, those communications proved unsuccessful, and in some instances, went completely unanswered by the Estate. *See* Doc. 338-4 ("My apologies for not being able to respond sooner to your [March 10] letter . . . . We will reply either today, April 4, 2016, or, latest tomorrow, April 5, 2016."); *see also* Doc. 338-5 (April 27, 2016 email: "We have yet to receive your response [to our March 10, 2016 letter].").

Following Magistrate Judge Duffy's denial of the May 4th motion to compel, SPV/Krasnerman Entities continued to communicate with the Estate about discovery issues throughout the month of July in order to meet the Court's September 2016 discovery deadline. Again, some communications went unanswered. *See* Doc. 336-8 (July 6, 11, 15, 19, 2016 emails). Based on these facts, the Court concludes that SPV/Krasnerman Entities have satisfied the meet and confer requirement of Rule 37 and Local Rule 37.1.

### B. Interrogatories

Rule 37(a)(3)(B)(iii) allows a party seeking discovery to move a court for an order "compelling an answer, designation, production, or inspection . . . if . . . a party fails to answer an interrogatory submitted under Rule 33[.]" FED. R. CIV. P. 37(a)(3)(B)(iii). To the extent that it is not objected to, the responding party must answer each interrogatory fully and under oath. Fed. R. Civ. P. 37(b)(3); *see also Lindholm v. BMW of N. Am., LLC*, 2016 WL 452315, at *5 (D.S.D. Feb. 5, 2016) (quoting *Miller v. Pruneda*, 236 F.R.D. 277, 282 (N.D. W. Va. 2004) (Under Rule 33, "'A party answering interrogatories is required to provide information that is available to it and can be produced without undue labor and expense.'").

Interrogatories may be objected to on the basis that they are not within the scope of discovery, that the information they seek is not relevant to the subject matter, is privileged, or is protected by the attorney work product rule. *See* 8B Charles Alan Wright, Arthur R. Miller, et al., *Federal Practice and Procedure* § 2174 (3d ed.). The objecting party bears the burden of showing that the information sought is not reasonably available to it and stating the grounds of its objection with specificity. *Id.*; FED. R. CIV. P. 33(b)(4); *see also Lindholm*, 2016 WL 452315, at *5 (quoting *Essex Builders Grp., Inc. v. Amerisure Ins.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) ("'If the [objecting] party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.'").

8

### a. General Objections

The Court will first address the Estate's "General Objections" to Interrogatories. In the Estate's "Answers to Plaintiff's First Set of Interrogatories," and its "Supplemental Answers to Plaintiff's First Set of Interrogatories," the Estate states:

> The following General Objections apply to every paragraph of Plaintiff's First Interrogatories:
>
> 1. The Estate objects to every interrogatory that calls for privileged information, including without limitation, information protected by the attorney-client privilege.
>
> 2. The Estate objects to every interrogatory that calls for information prepared in anticipation of litigation or for trial absent a showing of substantial need by Plaintiff.
>
> 3. The Estate objects to every interrogatory that calls for the production of any information containing or reflecting the mental impressions, conclusions, opinions and/or legal theories of any attorney for Plaintiff, on the grounds that such information is protected by the attorney work product doctrine.
>
> 4. The Estate objects to every interrogatory that is overly broad, unduly burdensome, harassing, and duplicative or which requests documents which are already in the possession of Plaintiff.
>
> 5. The Estate objects to every interrogatory that calls for information which is neither relevant to the subject matter of the pending Complaint nor reasonably calculated to lead to the discovery of admissible evidence in connection with the pending Complaint.
>
> 6. The Estate objects to every interrogatory, and to every introductory "definition" or "instruction," that seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure, as reasonably interpreted and supplemented by local court rules.

Doc. 338-2, -7.

As set forth above, the Federal Rules of Civil Procedure require a party objecting to discovery to show specifically how each discovery request is irrelevant, privileged, protected by the attorney work product rule, or otherwise not discoverable. *See* FED. R. CIV. P. 33(b)(4). When a party asserts a privilege or claims information is protected, a party must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do

so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A)(ii). Here, the Estate's blanket objections fail to preserve any objection because they are not specific enough to any particular discovery request and they fail to identify a specific privilege or describe the information withheld pursuant to that privilege. As such, the Court overrules these objections in their entirety.

### b. Answers to Interrogatories

In the current motion to compel, SPV/Krasnerman Entities move to compel answers to Interrogatories 1-3, 5-17, 20-23, and 25. As an initial matter, the Court first notes the inadequacies of a majority of the Estate's answers to interrogatories. For example, Answers 1, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 state in part:

> The Estate objects to this Interrogatory on the grounds that it is vague, overly broad, and subject to varying interpretations. The Estate further objects to this interrogatory that calls for information prepared in anticipation of litigation or for trial absent a showing of substantial need by Plaintiff.

Doc. 338-2, -7. Additionally, Answers 2, 3, 17, 21, and 25 state in part:

> The Estate objects on the grounds that this interrogatory assumes facts not in evidence . . . . The Estate further objects to this interrogatory that calls for information prepared in anticipation of litigation or for trial absent a showing of substantial need by Plaintiff. In addition, the Estate objects to this interrogatory on the grounds it calls for the production of information containing or reflecting the mental impressions, conclusions, opinions and/or legal theories of any attorney for the Estate, and on the ground that such information is protected by the attorney work product doctrine.

*Id.*

In each of the above-stated answers, the Estate supplied nothing more than boilerplate objections and thereinafter failed to specify *why* discovery was not proper. *See Sprint Commc'n. Co. L.P.*, 316 F.R.D. at 264 (citing *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, 2010 WL 2990118, at *1 (E.D.Mo. July 27, 2010)) (finding that "the articulation of mere conclusory objections that something is 'overly broad, burdensome, or oppressive,' is insufficient to carry the resisting party's burden—that party must make a specific showing of reasons *why* the particular discovery should not be had."). It is the opinion of this Court, therefore, that the answers were contrary to federal discovery law.

While the Court is aware that the answers were subsequently supplemented, which will be discussed *infra*, it highlights these answers to demonstrate what it believes was a catalyst to subsequent discovery issues. The Court is cognizant of the contentious nature that this litigation has ripened into. However, as both parties are aware, the scope of discovery under Rule 26(b) is extremely broad in order to facilitate "[m]utual knowledge of all the relevant facts[,]" which presumably results in proper and just litigation. *See Hickman v. Taylor*, 329 U.S. 496, 507-08 (1947); *see also* 8 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2007 (1970). The Court is not suggesting that everything requested by SPV/Krasnerman Entities was relevant or discoverable. Rather, the Court is noting the burden that the Estate, as the objecting party, must assume in order to protect those things it deems non-discoverable. *See Gowar v. Mid Century Ins. Co.*, 309 F.R.D. 503, 509 (D.S.D. 2015) (citing *Penford Corp. v. National Union Fire Ins. Co.*, 265 F.R.D. 430, 433 (N.D. Iowa 2009); *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000) ("Once the requesting party has made a threshold showing of relevance, the burden shifts to the party resisting discovery to show specific facts demonstrating that the discovery is not relevant, or how it is overly broad, burdensome, or oppressive."). As such, the Estate did not meet its burden in its answers to interrogatories.

### c. Supplemental Answers to Interrogatories

The Court will now address the Estate's supplemental answers to interrogatories. In its motion, SPV/Krasnerman Entities argue that "[t]he Estate has not supplemented these responses/objections in any meaningful way." Doc. 338 at ¶ 22. Conversely, the Estate claims to have "conducted a diligent search of [its] records" in answering the interrogatories. Doc. 367 at 2. The Court has reviewed each of the above-stated interrogatories, as well as the supplemental answers, and finds the following:

Interrogatories 1 and 5-14: Interrogatories 1, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 requests the factual basis of allegations made by the Estate in the Estate's own pleading. *See* Doc. 92. In each of these eleven interrogatories, the Estate's supplemental answers simply reference "Supplemental Answer to Interrogatory No. 1." The Estate does not tailor its discovery answers to each individual interrogatory to allow SPV/Krasnerman Entities, or the Court, an overall understanding of the factual basis of the Estate's own cross-claim. Additionally, in many of the supplemental answers, the Estate states "[w]ithout waiving the objections above . . . ." As the

Court has previously noted, the objections contained in many of the Estate's initial answers failed to comply with discovery rules. Therefore, it is both inappropriate and inadequate for the Estate to rely on cross referencing and its previous objections in it supplemental answers. The Court orders that the Estate re-supplement Interrogatories 1 and 5-14.

Interrogatories 2 and 3: Interrogatories 2 and 3 request information about the creation of the Trust and procurement of the Policy, respectively. In each supplemental answer, the Estate references "Supplemental Answer to Interrogatory No. 1," however, as the Court previously found, reference to that supplemental answer is not sufficient. Further, the Estate also asserts that Symcha Bergman "did not have personal knowledge concerning the creation of the trust, or the identity of the individual, firm or entity that drafted it." *See* Doc. 368 at ¶14. Again, that statement is not sufficient to withhold discovery. Symcha Bergman, as the representative of the Estate, has a duty to make reasonable investigations in order to answer interrogatories. If Mr. Bergman is unable to obtain the necessary information contained in these interrogatories, he "should so state under oath and should set forth in detail the efforts made to obtain the information." *Lindholm*, 2016 WL 452315, at *5 (quoting *Essex Builders Grp., Inc. v. Amerisure Ins.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005). Therefore, it is ordered that the Estate re-supplement Interrogatories 2 and 3. To the extent that it cannot answer the interrogatories, the Estate should draft a statement detailing its efforts to obtain such information.

Interrogatories 15 and 16: Interrogatories 15 and 16 request email addresses used by Symcha Bergman and Nancy Bergman from 2008 through the date of her death. In its supplemental answers, the Estate indicates it may be willing to disclose this information if a Protective Order is in place. The Estate, however, did not attach a copy of a proposed Protective Order. The Court therefore orders that the Estate provide a proposed Protective Order to SPV/Krasnerman Entities within twenty-one (21) days of the date of this Order. The Protective Order will be tailored to protect any personal and/or confidential information that may be uncovered during SPV/Krasnerman Entities examination of Symcha and Nancy Bergman's email addresses.[11]

---

[11] In Interrogatory 16, the Estate states, "This Answer will be supplemented if necessary." When Interrogatory 16 was supplemented in July of 2016, fact discovery was set to be due on September 16, 2016. *See* Doc. 332. This supplemental answer continues to demonstrate the inadequacy of the Estate's supplemental answers to interrogatories.

Interrogatories 17, 21, 22, and 25: Interrogatories 17, 21, 22, and 25 seek information about various attorneys the Estate may have consulted or communicated with concerning the Policy and/or the Trust. The Court finds that these interrogatories are overly broad.[12]  *See Stovall v. Gulf & South Am. Steamship Co.*, 30 F.R.D 152 (S.D. Tex 1961) (finding that an interrogatory requesting "all" facts in interrogated party's possession relative to certain occurrences was improper). When an interrogatory is deemed "overbroad," it is incumbent on the court to also address the relevance of the information sought. Interrogatories Overbroad, *1 Discovery Proceedings in Federal Court* § 16:10 (3d ed.) (finding that "[t]he relevance of the information sought is a factor that may be considered in determining whether an interrogatory is overbroad.").

Here, it appears to the Court that through the use of these interrogatories, SPV/Krasnerman Entities seek to establish that the Estate and Trust are working together by uncovering communications between Estate's counsel and other attorneys, specifically a "non-testifying expert consultant." First, the Court does not find that the existence of an agreement between the Estate and Trust is relevant to the subject matter of the claims at issue, and Attorney Kroll, as an officer of the court, has repeatedly attested that there is no such agreement. *See* Doc. 392 at ¶¶34-37 ("Sym Bergman made it clear at his deposition that there is no *quid pro quo* between the Estate and the trust; there is no agreement between the Estate and the Trust."); ("No third party is controlling us or directing our litigation efforts."); ("The policy proceeds that the Estate recovers in this action belong to the Estate . . . ."); ("[N]either Mr. Donahoe nor I are coordinating with anyone to give money to the investors, the trust or anyone other than our client, the Estate."); *see also* Doc. 416 at 11-13 ("[Sym Bergman and Mr. Kroll] are not beholden to anyone. Mr. Kroll does not take instruction from anyone; he is not in cahoots with anyone."). Second, Rule 26 of the Federal Rules of Civil Procedure does not allow parties to discover "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." FED. R. CIV. P. 26(b)(4)(D). Here, the Estate has made clear that this "non-testifying expert consultant" is not anyone named on its witness list and is instead a colleague of

---

[12] Interrogatory 17: "on *any* matter related to *any* policy[.]"; Interrogatory 21: "Describe . . . *all* communications . . . that you and/or your attorney . . . have had with Nachman Bergman, Malka Silberman, and/or Jacob Herbst, *or counsel* for any of the foregoing individuals[.]"; Interrogatory 22: "*all* attorneys who have provided you with *any* advice[.]"; Interrogatory 25: "Identify *all* communications between *any* attorney[.]".  (emphasis added).

Attorney Kroll's who is experienced in litigating STOLI cases. *See* Doc. 392 at ¶17 ("[W]e worked with a second, additional non-testifying consulting expert, who was identified as the 'non-testifying expert consultant' in a separate privilege log, previously provided to counsel."); Doc. 416 at 15-16 ("The Privilege Log for this consultant (Doc. 368-4) makes clear that the consultant is not a material witness[.] . . . The unidentified expert is not anyone who has been named in the [witness] list [] and instead this is a person in private law practice who has a specialty in litigating STOLI cases and has been a friend of Mr. Kroll for a number of years[.]"). Therefore, to the extent these interrogatories have been supplemented, the Court finds it sufficient.

Interrogatory 20: Interrogatory 20 requests any and all contacts the Estate had with the State of New Jersey in connection with the procurement of the Policy. In view of the Court's April 14, 2016 Memorandum Opinion and Order, *see* Doc. 225, the Court finds Interrogatory 20 moot. As such, the Estate's objection is granted.

Interrogatory 23: Interrogatory 23 requests the identity of all persons consulted or who provided information concerning responses to Interrogatories. The Answer and Supplemental Answer provided by the Estate are sufficient to apprise SPV/Krasnerman Entities of the information sought. The Court orders that nothing further is required in regard to Interrogatory 23.

## C. Request for Production of Documents

Rule 37(a)(3)(B)(iv) allows a party seeking discovery to move a court for an order "compelling an answer, designation, production, or inspection . . . if . . . a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iv). Under Rule 34, a party may request to inspect and copy documents "in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). Federal courts have held that documents in a party's "possession" or "custody" are documents a party has in its actual possession or custody. *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D. Minn. 2000). Control, however, "'does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents from a non-party to the action.'" *Id.*

(quoting *Bank of New York v. Meridien BIAO Bank of Tanzania, Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997)).

Rule 34 also provides an avenue by which a responding party may object to some or all of a request. Specifically, section (b)(2)(B) provides that "[f]or each item or category, the response must . . . state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "General objections to production requests are improper." Jay E. Greng & Jeffrey S. Kinsler, *Handbook of Federal Civil Discovery and Disclosure*, §9:22 (4th ed. 2016).

### a. General Objections

The Court will first address the Estate's "General Objections" to Document Demands. Similar to the Estate's General Objections to Interrogatories, the Estate again asserts general objections in both the "First Set of Document Demands" and "Supplemental Responses." The Estate states, in part:

> The Estate objects to the First Set of Document Demands ("Requests") propounded by Propounding Parties SPV-LS, LLC and Third Party Defendants Financial Life Services LLC, Life Trading Trust and SPV II, LLC (collectively referred to as "Propounding Parties") for the following reasons:
>
> 1. The Estate generally objects to the Requests on the basis they are not limited in time and seek information which is not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.
>
> 2. The Estate objects to the Requests to the extent they seek to impose duties and obligations greater than or different from the duties and obligations imposed under the Federal Rules of Civil Procedure. In response to these Requests, the Estate has endeavored, in good faith, to provide these responses and have compiled information based on a reasonably diligent investigation and inquiry.
>
> 3. (intentionally omitted)
> 4. (intentionally omitted)
> 5. (intentionally omitted)
>
> 6. The Estate objects to these Requests to the extent they seek information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Accordingly, The Estate will not provide information that constitutes its attorney's work product or attorney-client communication. If any such disclosure occurs, it is inadvertent.

7. As drafted, these Requests are overly broad, unduly burdensome and seek to impose discovery obligations upon the Estate that are not in accordance with the Federal Rules of Civil Procedure.

8. These Requests are overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In particular, The Estate objects to the discovery insofar as Propounding Parties seek the production of information without establishing any reasonable or practical limitations. The Estate submits that these Requests are unreasonable in their scope and beyond the scope of proper discovery under the Federal Rules of Civil Procedure.

9. The Estate object to the Requests to the extent they seek information protected under any other privilege provided under Federal law.

10. (intentionally omitted)
11. (intentionally omitted)

Doc. 338-2, -8.

For the reasons previously articulated by the Court in regard to the Estate's General Objections to Interrogatories, *see supra*, the Court too finds the blanket objections to Document Demands to be inadequate. The Court overrules these objections in their entirety.

**b. Responses to Document Demands**

SPV/Krasnerman Entities argue that the Estate's responses and supplemental responses to Document Demands 2-17 are deficient and fail to satisfy the requirements set forth in Rule 34. Similar to the Court's analysis of the Estate's "Answers to Interrogatories," *supra*, the Court again notes the inadequacies of a majority of the Estate's responses to document demands. For example, Response 2 states, in part:

The Estate objects to this Request on the basis it seeks information protected by attorney-client privilege and attorney work product. The Estate further objects on the grounds that the Request is overly broad and unduly burdensome and not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, as it asks for "all documents relating to the administration of Nancy Bergman's estate."

Doc. 338-2, -8. Responses 3, 4, 5, 6, 7, 8, and 9 state, in part:

The Estate objects to this Request on the basis that it is not limited in time and seeks information which is not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

16

*Id.* Finally, Responses 10, 11, 12, 13, 14, 15, 16, and 17 state, in part:

> Objection. The Estate objects to this Request in that it is vague, overbroad and unduly burdensome.

*Id.*

Similar to the answers to interrogatories, most of the above-stated responses were supplemented, and will be discussed *infra*. However, Requests 2, 3, 4, 9, 15, 16, and 17 were not supplemented. The Court finds that Requests 2-4, 9, and 15-17 are consistent with the standard set forth in Rule 26 and that the Estate's responses fail to satisfy Rule 34 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 34 (b)(2)(B) ("For each item or category, the response must . . . state with specificity the grounds for objecting to the request, including the reasons."). As such, the Court orders the Estate to supplement each of those Requests in accordance with the discovery rules contained in this Order.

Additionally, as with the Estate's answers to interrogatories, the Court again notes the inadequacies of the Estate's responses to Document Demands 5-8 and 10-14. The Court finds that these responses, along with the Estate's lack of adherence to long-held discovery rules, helped ignite a series of discovery disputes, which ultimately culminated in the filing of the present motion to compel. As such, the Court finds the above-stated responses to be inadequate.

### c. Supplemental Responses to Document Demands

The Court will now address the Estate's supplemental responses to document demands. In its motion, SPV/Krasnerman Entities argue that "the Estate's document production was woefully deficient, raised boilerplate and nonspecific objections, and failed to detail the required reasonable investigation undertaken by the Estate's representatives in locating responsive documents." Doc. 337 at 13. The Estate asserts that Symcha Bergman "has conducted a diligent search of records and the non-privileged documents have been produced to the parties." Doc. 367 at 2. The Court has reviewed each of the above-stated document demands, as well as the supplemental responses, and finds the following:

Document Demands 5, 8, 13, and 14: Document Demands 5, 8, 13, and 14 requests documents related to the trust established by or on behalf of Nancy Bergman as grantor, documents prepared for any life insurance policy insuring the life of Nancy Bergman, written documentation involving the Policy, and documents related to efforts to market, sell, or transfer any policy of life insurance on Nancy Bergman, respectively. In its supplemental responses and

17

declaration, the Estate claims to have performed a diligent search into Nancy Bergman's financial affairs and that "to its current knowledge and belief, the Estate possesses no other relevant, discoverable items . . . ." *See* Doc. 338-8; Doc. 368 at ¶¶ 22, 32, 33. The Estate has again misconstrued its obligations. Symcha Bergman, as representative of the Estate, cannot simply state that he does not possess any relevant or discoverable items. Rather, as previously articulated by the Court, a party may request to inspect and copy documents "in the responding party's possession, custody, or *control*." FED. R. CIV. P. 34(a)(1) (emphasis added). "'[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents from a non-party to the action.'" *Prokosch*, 193 F.R.D. at 636 (quoting *Bank of New York v. Meridien BIAO Bank of Tanzania, Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997)).

Pursuant to this standard, the Court orders the Estate to conduct a search of information in its possession, custody, *or control* in responding to Demands 5, 8, 13, and 14. If it is unable to obtain the requested documentation, state with specificity its efforts to locate such information.

Document Demands 6, 11, and 12: Document Demands 6, 11, and 12 request financial information for Nancy Bergman's bank accounts. Specifically, Demand 11 requested documents pertaining to bank account number 792349103 at TD Bank, f/k/a Commerce Bank, and Demand 12 requested documents relating to bank account number 1200124553 at Santander Bank, f/k/a Sovereign Bank. In Demand 6 and 11, the Estate's supplemental response indicated that it was unable to locate account number 792349103. Additionally in Demand 6 and 12, the Estate indicated that it was in the process of submitting the required documentation to obtain the records from account number 1200124553 at Santander Bank.

Notably, on or about July 19, 2016,[13] SPV/Krasnerman Entities emailed the Estate and alerted it to an error in the bank account number in Demand 11. *See* Doc. 338-6 ("[W]e just noticed a typographical error in the account number referenced—it should have been TD Bank account # 7923494103. This bank account number is referenced on numerous documents, including the checks for premium payment made to Transamerica."). This date was *before* the Estate filed its supplemental answers to Interrogatories and Document Demands. *See supra* note 7. While the Court is cognizant of the fact that SPV/Krasnerman Entities submitted an incorrect

---

[13] While this email contains an archived date of August 4, 2016, based on its contents it appears to the Court that it was sent sometime between July 15 and July 19, 2016, which is before the Estate filed its supplemental answers to Interrogatories and Document Demands.

bank account number in its Document Demands, the Court finds that the Estate should have undertaken a more diligent search of the bank account records, especially since this bank account number is referenced on numerous documents, such as checks, that the Estate would have been privy to. Additionally, as stated previously, the Estate was put on notice of this error since July of 2016. Therefore, the Court orders the Estate promptly produce the financial information sought in Demands 6, 11, and 12.

Document Demand 7: Document Demand 7 requests invoices and retainer agreements. Subsequent to filing the motion to compel, on January 12, 2017, SPV/Krasnerman Entities secured an unredacted copy of a retainer agreement between Attorney Kroll and the Estate. *See* Doc. 465-30. On February 8, 2017, the Estate provided a slightly different version of the retainer agreement, claiming that it was the "correct, final Retainer Agreement." *See* Doc. 469-1. The Court will not make a determination as to which retainer agreement is a true, finalized version, other than to note that a copy has been produced. Additionally, in the Declaration of Gerald L. Kroll in Opposition to Plaintiffs' Motion to Compel Estate, Doc. 368, Attorney Kroll affirms that "[a]s a contingency lawyer, I do not submit invoices[.]" Accordingly, the motion to compel, as it relates to Demand 7, is denied as moot.

Document Demand 10: Document Demand 10 requests written communications relating to insurance on the life of Nancy Bergman and/or the Trust between the Estate and the following people: Nachman Bergman, Malka Silberman, Hillel Schreiber, Mindy Brach, David Kohn, Michael Krasnerman, Edward Machado, Cora Knight, Transamerica, Jacob Herbst, Nelson Bloom, Motti Aksler, Herman Segal, Andrew Citron, Stuart Davis, Chuck Loche, Eric Schulte, Stephen Herbert, Shlomo Gutman, Jacob Rosenberg, Evelyn Rosenberg, Isaac Markowitz, Ariel Sasson, David Sasson, Joel Waldman, and David Temper.

On August 4, 2016, the date SPV/Krasnerman Entities filed the current motion to compel, SPV/Krasnerman Entities attached an unsigned version of the supplemental responses to document demands, dated July 20, 2016. *See* Doc. 338-8. In Doc. 338-8, the Estate's supplemental response states: "See attached email correspondence, produced under a reservation of our other objections. We have also produced emails to or from Andrew Twersky as counsel for Malka Silberman; any other emails to Mr. Twersky not produced have been copied to or received by Plaintiffs." On August 30, 2016, the date of the Estate's response to the motion to compel, the Estate provided signed "Supplemental Responses to Plaintiff and Third Party

19

Defendant's First Set of Document Demands," dated August 26, 2016. *See* Doc. 368-2. In Doc. 368-2, the supplemental response states: "See attached emails (Estate Bates #144-160)." Additionally, in the Estate's attached Declaration in Opposition, the Estate states that, "[w]ith respect to Document Production Request No. 10, SPV is in possession of the Estate's privilege log, which satisfies SPV's request." Doc. 368 at ¶ 28. In its subsequent filings, SPV/Krasnerman Entities do not specifically allege that the Estate's supplemental responses to Demand 10 are insufficient; rather, they argue that both the Attorney Client & Work Product and Non-Testifying Expert Consultant privilege logs are deficient because "they do not permit the Krasnerman Entities to assess the Estate's claims of privilege in any meaningful way." Doc. 390 at 3-10; Doc. 391 at ¶ 33. Therefore, the Court will now address the sufficiency of the Estate's privilege logs.

### D. Privilege Log

To the extent the Estate objects that the information sought in interrogatories or document demands is either privileged or is attorney work product, it must supply a sufficient privilege log in accordance with Rule 26. *See Highmark, Inc. v. Northwest Pipe Co.*, 2012 WL 997007, at *4 (D.S.D. Mar. 23, 2012) ("Assertion of a privilege or protection from discovery is governed by Fed. R. Civ. P. 26."). Specifically, section (b)(5)(A) requires the objecting party to:

(i)     expressly make the claim; and

(ii)    describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

FED. R. CIV. P. 26(b)(5)(A). As such, "[t]he party asserting the privilege meets its burden of providing a factual basis for asserting the privileges when it produces a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit of its . . . counsel." *St. Paul Reinsurance Co., Ltd.*, 197 F.R.D. at 628 (internal quotation marks and alterations omitted). A privilege log must generally include:

1.     The log number or bates number(s) identifying the number of pages;

2.     The date on which the document was prepared;

3.     A description of the document;

4.     The identity and position of the author;

5.   The identity and position of all recipients of the document;

6.   The purpose for which the document was prepared;

7.   The specific privilege or protection being asserted; and

8.   Any other pertinent information to assist in establishing the elements of the privilege or protection asserted.

*Highmark,* 2012 WL 997007, at \*5 (citing Rutter Group Practice Guide, *Federal Civil Procedure Before Trial,* § 11:1919, Privilege Log Content and Form 11:A (Rev. 2011)).

Here, the Estate's privilege logs were not received by SPV/Krasnerman Entities until August 26, 2016. Prior to that time, on March 7, 2016, the Estate had objected to virtually all of SPV/Krasnerman Entities discovery requests on the basis of privilege and work product protections, and on May 4, 2016, SPV/Krasnerman Entities filed its first motion to compel against the Estate. Thereinafter, in July of 2016, the Estate provided a set of supplemental responses to Interrogatories and Document Demands, but again failed to attach a privilege log at that time. The Estate provides no justification for failing to produce the privilege logs simultaneously with the delivery of its responses to discovery requests. Additionally, the Court finds that the Estate's privilege logs do not contain the most important categories of information required of privilege logs. For example, the privilege logs do not contain category 3, "[a] description of the document," category 6, "[t]he purpose for which the document was prepared," or category 7, "[t]he specific privilege or protection being asserted." This lack of this information failed to allow SPV/Krasnerman Entities, or the Court in this motion to compel, to conduct a meaningful assessment of the privilege being asserted and the communications and/or document being withheld.

## CONCLUSION

SPV/Krasnerman Entities have demonstrated to the Court that they attempted, in good faith, to meet and confer with the Estate to resolve the above-stated discovery issues without Court involvement. At numerous junctures, however, those efforts were stymied by the Estate's lack of adherence to long-held discovery law. Accordingly,

IT IS ORDERED,

1.   That the joint motion to compel by SPV/Krasnerman Entities, Doc. 336, is granted in part and denied in part in accordance with this Order.

2. That the Estate shall revise and serve Answers to Interrogatories 1-3 and 5-14 within twenty-one (21) days of this Order.  Answers shall be in accordance with Rule 33 of the Federal Rules of Civil Procedure and with the findings of this Order.

3. That the Estate shall revise and serve Responses to Document Demands 2-6, 8, 9, and 11-17 within twenty-one (21) days of this Order.  Responses shall be in accordance with Rule 34 of the Federal Rules of Civil Procedure and the findings of this Order.

4. That the Estate will provide a proposed Protective Order to SPV/Krasnerman Entities within twenty-one (21) days of the date of this Order.  The Protective Order will be tailored to protect any personal and/or confidential information that may be uncovered during SPV/Krasnerman Entities examination of Symcha and Nancy Bergman's email addresses pursuant to Interrogatories 15 and 16.

5. That a copy of the unredacted retainer agreement has been produced and is moot.

6. That to the extent the Estate claims privilege or work product to any of the above discovery requests, the Estate shall revise and serve its Attorney Client & Work Product and Non-Testifying Expert Consultant privilege logs on SPV/Krasnerman Entities simultaneously with the above-ordered Interrogatories and Document Demands.

7. That if the Estate is unable to obtain the above-ordered information, it provide a detailed statement of its efforts to procure such information in order to assure both the opposing party and the Court of such efforts.

Dated this 6th day of March, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY