FILED
APR 05 2017

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SPV-LS, LLC, | CIV 14-4092 |
| Plaintiff, | |
| vs. | |
| TRANSAMERICA LIFE INSURANCE COMPANY, | MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| Defendant and Third-Party Plaintiff, | |
| vs. | |
| NACHMAN BERGMAN, as Trustee of The N Bergman Insurance Trust dated December 18, 2006; MALKA SILBERMAN, as Successor Trustee of The N Bergman Insurance Trust dated December 18, 2016; LIFE TRADING TRUST, dated August 8, 2007; T-LEG LLC, a/k/a TLEG LLC; FINANCIAL LIFE SERVICES, LLC; SPV II, LLC; and THE REPRESENTATIVE OF THE ESTATE OF NANCY BERGMAN, | |
| Third-Party Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Plaintiff SPV-LS, LLC's ("SPV") Motion for Summary Judgment dismissing claims and cross-claims by Nachman Bergman and Malka Silberman, as trustee and successor trustee of The N Bergman Insurance Trust dated December 18, 2006 ("the Trust"). Doc. 462. The Trust did not respond to the motion.[1] Pursuant to Rule 56.1(D) of the

---

[1] On October 14, 2016, the Court issued an Order directing Malka Silberman, as successor trustee, to retain substitute counsel by January 1, 2017. Doc. 419. No notice of appearance was filed with this Court by that date. On January 17, 2017, SPV filed the current Motion for Summary Judgment and accompanying documents. See Docs. 462-66. On February 8, 2017, Brian Donahoe, local counsel for The Representative of the Estate of Nancy Bergman ("the Estate"), filed a letter response and accompanying Declaration of Gerald Kroll in order to address and clarify various issues in SPV's Motion for Summary Judgment. See Docs. 468-69. On March 3, 2017, SPV

1

Local Rules for the United States District Court for the District of South Dakota, if the non-moving party fails to respond to the moving party's statement of material facts, "all material facts set forth in the movant's statement of material facts will be deemed admitted." L.R. 56.1(D). This Court has previously held, however, that a failure to respond to a summary judgment motion may not automatically compel a resolution in favor of a moving party. *See Midland Nat. Life Ins. Co. v. Gonzales*, 2010 WL 2556869, at *1 (D.S.D. June 23, 2010); *see also Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) (finding that "[e]ven if a motion for summary judgment on a particular claims stands unopposed, the district court must still determine that the moving party is entitled to judgment as a matter of law on that claim."). As such, this Court will determine, based on the record before it, whether the entry of summary judgment is appropriate.

The Court has considered all filings on record and for the following reasons the motion is granted.

## FACTUAL BACKGROUND

In 2007, Transamerica Occidental Life Insurance Company ("Transamerica") issued to the N Bergman Insurance Trust a life insurance policy ("the Policy") insuring the life of Nancy Bergman for $10,000,000. The original owner of the Policy was The N Bergman Insurance Trust dated December 18, 2006 ("the Trust"). That same year, Nachman Bergman, as trustee, signed an Application Amendment form as the "owner" of the Policy.[2]

In 2009, Michael Krasnerman, the principal of Financial Life Services ("FLS"), began negotiating the purchase of the Policy from the Trust. In November of 2009, FLS entered into an agreement to purchase the Policy. After executing the purchase agreement, FLS learned that the Trust had not paid recent premiums, and also that Nancy Bergman's life expectancy was longer than had initially been reported by the Trust. FLS attempted to renegotiate with the Trust, but was unsuccessful.

---

filed a Reply Memorandum and Declaration asking the Court to disregard the Estate's submission based on lack of standing. *See* Docs. 471-72.

[2] Nachman Bergman and Malka Silberman are named in this lawsuit as trustee and successor trustee, respectively. They have claimed throughout this litigation that Mr. Bergman was the original trustee until Ms. Silberman took over as trustee in 2008. In this motion, however, SPV claims that documentation proves that Ms. Silberman did not become the trustee in 2008 and instead shows that the documentation on which she relies to establish her trustee status was forged and actually created in 2014. Whether Mr. Bergman or Ms. Silberman was trustee at the time of the sale of the Policy does not affect the disposition of this Memorandum Opinion and Order.

On October 4, 2010, FLS initiated a lawsuit against the Trust in the Eastern District of New York ("the EDNY Court") seeking a reduction of the purchase price or rescission of the agreement. On September 28, 2011, default judgment was entered against the Trust in the amount of $939,365.28, plus post-judgment interest. Thereinafter, the EDNY Court authorized a sale of the Policy at auction. The Trust did not appeal the EDNY Court's order directing auction and sale. The case was closed on March 1, 2012.

On February 6, 2012, the Trust filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of New York ("the Bankruptcy Court"), temporarily staying the auction.[3] Ultimately, on June 6, 2012, the Bankruptcy Court lifted the stay and permitted the auction to proceed. At auction, FLS submitted the sole bid for $1,194,522 and eventually transferred the Policy to SPV, a Delaware limited liability company owned and controlled by a trust in South Dakota. On August 1, 2012, the Bankruptcy Court dismissed the Trust's bankruptcy petition upon a finding that the Trust had no assets remaining and no rights to the Policy. The Trust did not appeal the dismissal.

Approximately one year later, on June 5, 2013, the Trust moved to reopen the bankruptcy proceeding and to vacate the Bankruptcy Court's June 6, 2012 lift stay order. On March 26, 2014, the Bankruptcy Court denied the Trust's motion to reopen. In its Order, the Bankruptcy Court highlighted the need for finality and predictability of judgments and found that the Trust had not presented newly discovered, credible evidence to warrant a motion to reopen.

On April 6, 2014, Nancy Bergman died. Four days later, on April 10, 2014, the Trust appealed the Bankruptcy Court's March 26 Order. On May 1, 2014, the Trust moved to stay the order denying its motion to reopen the bankruptcy proceedings, and reinstate the stay of the sale of the Policy, pending an appeal to the District Court. On May 13, 2014, the Bankruptcy Court issued a decision denying the Trust's May 1 request for a stay.[4]

On May 29, 2014, SPV submitted a claim to Transamerica for benefits under the Policy. Transamerica declined to pay because it had received a competing claim for the proceeds from Malka Silberman, the alleged trustee of the Trust.[5] On June 13, 2014, SPV filed suit in this

---

[3] The Trust's bankruptcy petition listed an interest in the Policy as its sole asset. The petition also contained a declaration of Jacob Herbst, in which he declares himself the trustee of the Trust.

[4] On January 18, 2015, the April 10, 2014 appeal was withdrawn. The Bankruptcy Court noted the withdrawal/dismissal on February 10, 2015, which is the last docketed entry in the bankruptcy proceedings.

[5] On May 9, 2014, a letter was faxed to Transamerica from Malka Silberman, as trustee, in which she claims that she had been the sole trustee since 2008 and that the Policy was fraudulently sold by the Trust without her knowledge.

3

Court against Transamerica alleging breach of contract and requesting payment of the Policy proceeds. On June 17, 2014, Transamerica filed an answer to SPV's complaint and instituted a third-party action for statutory interpleader asking this Court to determine SPV and the third-party defendants' rights to the policy proceeds.[6] The third-party complaint named Nachman Bergman, as trustee of the Trust, and Malka Silberman, as successor trustee of the Trust, as well as other entities.

On August 8, 2014, SPV filed a motion for summary judgment. Doc. 19. In its motion, SPV argued, in part, that the doctrine of *res judicata* prevented any challenge to its ownership of the Policy because that issue had already been decided by the EDNY Court and the Bankruptcy Court, and as such, it was entitled to the proceeds. Doc. 19-20. On August 29, 2014, SPV, Life Trading Trust ("LTT"), FLS, and SPV II filed a motion for entry of default against Nachman Bergman and Malka Silberman, as trustees of the Trust. Doc. 26. On September 15, 2014, the trustees filed an answer, cross-claims, and counterclaims. Doc. 34. The Court struck that pleading as improper and directed the Clerk to enter default. *See* Docs. 34; 36-37. Thereinafter, SPV, LTT, FLS, and SPV II moved for default judgment against the trustees. Doc. 38. On October 24, 2014, the trustees filed a motion to set aside entry of default. Doc. 51.

On March 30, 2015, this Court granted the trustees motion to set aside the default and denied SPV's motion for summary judgment "without prejudice to its right to renew the motion after discovery is completed." Doc. 78. On April 13, 2015, Nachman Bergman and Malka Silberman, as trustees, filed a cross-claim against SPV, and other entities, claiming that the parties wrongfully took ownership of the Policy. Doc. 80. On September 18, 2015, the Representative of the Estate of Nancy Bergman ("the Estate") filed a counterclaim and cross-claim against SPV and other entities asserting a claim to the Policy proceeds based on a New Jersey statute. Doc. 92. On October 22, 2015, SPV filed cross-claims against the Estate and Nachman Bergman and Malka Silberman, as trustees, for RICO, fraud, tortious interference, and unjust enrichment. Doc. 112. On December 1, 2015, SPV filed a motion for summary judgment dismissing the Estate's claim. Doc. 134-38. On April 14, 2016, the Court issued a Memorandum Opinion and Order granting SPV's motion for summary judgment and dismissing

---

[6] In accordance with this Court's September 9, 2014 order, Transamerica deposited the Policy proceeds of $10,063,532.85 into the Court. The funds were then transferred to an interest bearing account in the Court Registry Investment System. *See* Doc. 28.

the claims to the policy proceeds asserted by the Estate.[7] Doc. 225. On May 4, 2016, SPV filed a motion to voluntarily dismiss cross-claims against the Estate. Doc. 235. The Court granted the motion to voluntarily dismiss cross-claims against the Estate without prejudice.[8] Doc. 444. On May 13, 2016, the Estate filed a motion for reconsideration asking the Court to "vacate and deny the Summary Judgment against its claims, or modify that ruling to allow for the claims of the Estate to be pursued in discovery and avoid a manifest injustice." Doc. 245. The Court denied the motion for reconsideration. Doc. 451.

Thereinafter, on May 17, 2016, the Trust, through Malka Silberman, filed a motion to vacate the September 28, 2011 default judgment in the EDNY Court arguing that the Trust was never properly served and thus the default judgment was void.[9] The motion was referred to Magistrate Judge Anne Shields. On November 4, 2016, Judge Shields issued a Report and Recommendation recommending that the motion to vacate be denied because (1) the motion, pursuant to Rule 60(b)(4), was untimely, and (2) even if the motion was timely, it failed on the merits because "the Trust itself actively litigated the matter for years, as if such service was proper. No document indicated any lack of notice or opportunity to be heard. [Rather], the interests of the Trust were represented vigorously throughout this litigation." EDNY Court, No. 10-4499, Doc. 53.

On January 17, 2017, SPV filed the current motion for summary judgment renewing, in part, its previous arguments that the Bankruptcy Court's dismissal and the EDNY Court's final judgment directing an auction of the policy were *res judicata* and barred any challenge to SPV's ownership of the Policy. Docs. 462-66. The Trust did not respond.[10] On February 2, 2017, the EDNY Court adopted the Judge Shields' Report and Recommendation in its entirety finding that "the Trust's participation in this action and in the Bankruptcy Court [were] properly attributable to the Trust."[11] EDNY Court, No. 10-4499, Doc. 60.

---

[7] The Court found that that New York law controlled and "[u]nder New York law at the time of the inception of this life insurance policy, STOLIs were not prohibited. As a result, the Trust could 'sell' the policy and its proceeds." Doc. 225 at 13.
[8] In its Order, the Court also ruled that "the Estate's counterclaim/crossclaim against Plaintiff, Doc. 92, remain[ed] pending for independent adjudication." Doc. 444 at 3.
[9] In the motion to vacate, Malka Silberman argued that she, not Nachman Bergman, was the trustee in 2010, and therefore she is the person who should have been served.
[10] *See supra* note 1.
[11] On February 7, 2017, SPV filed a "Notice of Lodging" in this Court and attached the February 2, 2017 Memorandum Opinion and Order adopting Judge Shields' November 4, 2016 Report and Recommendation. *See* Doc. 467.

5

## LEGAL STANDARD

Pursuant to Rule 56(a) of the Federal Rule of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A party asserting that a fact cannot be . . . disputed must support the assertion" either by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the . . . presence of a genuine dispute[.]" FED. R. CIV. P. 56(c)(1)(A)-(B). "The movant can also establish the absence of a disputed material fact by showing 'that an adverse party cannot produce admissible evidence to support the fact.'" *Jensen v. Hy-Vee Corp.*, 2011 WL 1832997, at *1 (D.S.D. May 13, 2011) (quoting FED. R. CIV. P. 56(c)(1)(B)).

In a motion for summary judgment, the moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted). Once this burden is met, the burden then shifts to the non-moving party. The non-moving must demonstrate "that a fact . . . is genuinely disputed" either by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." FED. R. CIV. P. 56(c)(1)(A)-(B). "For purposes of summary judgment, the facts, and inferences drawn from those facts, are 'viewed in the light most favorable to the party opposing the motion.'" *Jensen*, 2011 WL 1832997, at *2 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

## DISCUSSION

SPV submits four points in support of its motion for summary judgment. In viewing these facts in the light most favorable to the Trust, the Court finds that the EDNY Court's September 28, 2011 judgment and the Bankruptcy Court's August 1, 2012 dismissal, points III and II, respectively, bar the Trust's claim to the Policy proceeds in this action under the doctrine of *res judicata*. As such, summary judgment is appropriate.

### POINT III: THE EDNY COURT'S SEPTEMBER 28, 2011 DEFAULT JUDGMENT

The Eighth Circuit "'ha[s] consistently concluded that [the res judicata effect of a prior judgment] . . . in a diversity action is a question of substantive law controlled by state common law.'" *Austin v. Super Valu Stores, Inc.*, 31 F.3d 615, 617 (8th Cir. 1994) (quoting *Lane v. Sullivan*, 900 F.2d 1247, 1250 (8th Cir. 1990)); *see also Hillary v. Trans World Airlines, Inc.*,

6

123 F.3d 1041, 1043 (8th Cir. 1997) (quoting *Follette v. Wal-Mart Stores, Inc.*, 41 F.3d 1234, 1237 (8th Cir. 1994) ("'This Court has consistently looked to state law to determine the effect of the judgment of another federal court in a case where state law supplied the rule of decision.'"). This rule applies, then, "'when the original judgment is that of another federal court sitting in diversity.'" *Hillary*, 123 F.3d at 1043 (quoting *Follette*, 41 F.3d at 1237). "In determining which state's res judicata law applies, 'it is fundamental that the res judicata effect of the first forum's judgment is governed by the first forum's law, not by the law of the second forum.'" *Id.* (quoting *Semler v. Psychiatric Inst. of Washington, D.C., Inc.*, 575 F.2d 922, 930 (D.C. Cir. 1978)). Here, in October of 2010, FLS, a Delaware Limited Liability Company with its principal place of business in Connecticut, filed a lawsuit in the EDNY Court against the Trust, which listed a Brooklyn, New York address, based on diversity of citizenship. Ultimately, on September 28, 2011, the EDNY Court entered default judgment against the Trust and thereinafter ordered auction and sale of the Policy. Thus, in the present case, New York law determines the preclusive effect to be given to the September 2011 default judgment.

Under New York law, "[t]he general doctrine of res judicata gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein." *In re Shea's Will*, 132 N.E.2d 864, 868 (N.Y. 1956); *see also Gramatan Home Investors Corp. v. Lopez*, 386 N.E.2d 1328, 1331 (N.Y. 1979) (finding that the doctrine *of res judicata* "holds that, as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of facts and questions of law necessarily decided therein in any subsequent action."). It is well settled that "[t]he doctrine of *res judicata* is applicable to a judgment taken by default which has not been vacated, as well as to defenses raised in the prior action or which, though not raised could have been." *Robbins v. Growney*, 645 N.Y.S.2d 791, 792 (N.Y. App. Div. 1996) (internal citations omitted); *see also Alleviation Med. Servs., P.C. v. Hertz Co.*, 2017 WL 669714, at *1 (N.Y. App. Term 2017) ("It is well settled that default judgments can have res judicata effect."); *Newton Garment Carriers, Inc. v. Consol. Carriers Corp.*, 673 N.Y.S.2d 631, 632 (N.Y. App. Div. 1998) (holding that *res judicata* barred a party from attacking the validity of a sales agreement because "[t]he claims essential to the[] causes [of action] . . . were either raised or should have been raised by plaintiff as affirmative defenses to the default asserted against it in the prior proceeding."). As

such, the previous judgment must be (1) "on the merits," (2) the parties in the current action must be the same, or "in privity with," the parties from the previous action, and (3) the issues sought to be precluded must be the issues of facts and questions of law "necessarily decided" in the previous action. *Gramatan*, 386 N.E.2d at 1331; *In re Shea's Will*, 132 N.E.2d at 868.

*(1) The September 2011 default judgment was "on the merits."*

New York *res judicata* law requires previous judgments to be "on the merits." *Id.* It is well settled that "the doctrine of res judicata is applicable to an order or judgment taken by default which has not been vacated." *Infinity Chiropractic Health, P.C. v. Republic W. Ins. Co.*, 2016 WL 6305019, at *1 (N.Y. App. Term 2016). Here, the EDNY Court entered default judgment against the Trust on September 28, 2011, and thereinafter authorized an auction and sale of the Policy. No appeal was taken. The case was then closed in March of 2012. Nearly five years after entry of default judgment, on May 17, 2016, Malka Silberman moved to vacate the judgment in the EDNY Court claiming that the Trust was never properly served and that she, not Nachman Bergman, was the trustee in 2010. On November 4, 2016, Magistrate Judge Shields filed a Report and Recommendation recommending that the motion to vacate be denied.

In her report, Judge Shields first found that the motion was untimely because by July of 2011, the Trust, through attorney Mark Nassbaum, began actively litigating the matter at the direction of Jacob Herbst—Malka Silberman's husband. Judge Shields then found that even assuming that Malka Silberman did not become aware of the 2011 judgment until the commencement of the 2014 South Dakota litigation, the 2016 motion to vacate would still be considered untimely as there was evidence that Ms. Silberman considered making a motion to vacate in the EDNY Court in 2014, but decided to "roll the dice in the South Dakota Action" and then consider her next move. This two year delay, Judge Shields found, could not be attributed to lack of notice.

Judge Shields also held that even if the motion was timely it would fail on the merits. FLS served Nachman Bergman, the person who they reasonably believed to be the trustee of the Policy, and then actively litigated the matter for several years. During that time, the Trust never raised any service of process or jurisdictional issue. Thus, Judge Shields concluded that the judgment was not affected by a "fundamental infirmity" and that the Trust was "treated in a manner consistent with due process of law." On February 2, 2017, the EDNY Court adopted Judge Shields' Report and Recommendation in its entirety.

Based on this record, the Court finds that the September 2011 default judgment—and the accompanying order denying Malka Silberman's motion to vacate—was "on the merits" and thus bars the Trust from arguing in this Court that the underlying sale of the Policy was not valid.[12] It is clear that the judgment entered by the EDNY Court, and the subsequent auction and sale of the Policy to FLS, establish valid ownership of the Policy. The Trust cannot now challenge the validity of the transaction in this Court, as that argument should have, and could have, been raised in prior proceedings.

(2) *Nachman Bergman and Malka Silberman are in privity with the Trust and FLS is in privity with SPV*

Nachman Bergman and Malka Silberman are in privity with the Trust

Under New York law, the parties in the current action must be the same, or "in privity with," the parties from the previous action. *Gramatan*, 386 N.E.2d at 1331; *In re Shea's Will*, 132 N.E.2d at 868; *see also Green v. Santa Fe Indus., Inc.*, 514 N.E.2d 105, 108 (N.Y. 1987) ("It is fundamental that a judgment in a prior action is binding not only on the parties to that action, but on those in privity with them."). "[T]o establish privity[,] the connection between the parties must be such that the interests of the nonparty can be said to have been represented in the prior proceeding." *Green*, 514 N.E. 2d at 108. "Privity has also been found where a person so controlled the conduct of the prior litigation in which they were interested such that the result is res judicata against them." *Tamily v. Gen. Contracting Corp.*, 620 N.Y.S.2d 506, 509 (N.Y. App. Div. 1994).

In the present case, when FLS initiated the lawsuit in the EDNY Court in October of 2010, it sued the N Bergman Insurance Trust, naming Nachman Berman as trustee. In July of 2011, Attorney Mark Nussbaum appeared for the Trust at the direction Jacob Herbst. Mr. Herbst represented himself as the trustee and was given decision-making authority by Ms. Silberman. Then, in 2014, Transamerica instituted a third-party action for statutory interpleader in this Court, naming both Nachman Bergman, as trustee of the Trust, and Malka Silberman, as successor trustee of the Trust. Based on this record, the Court finds that the requirements of privity exist between Nachman Bergman and Malka Silberman and the Trust, and they are therefore bound by the judgment of the EDNY Court.

---

[12] On April 13, 2015, Nachman Bergman and Malka Silberman, as trustees of the Trust, filed a cross-claim against SPV and other entities, claiming that the parties wrongfully took ownership of the Policy. *See* Doc. 80.

9

FLS is in privity with SPV

An assignor-assignee relationship "denotes[s] a mutually successive relationship of the same rights to the same property." *Gramatan*, 386 N.E.2d at 1332. "The crucial inquiry[,]" in an assignor-assignee relationship, "focuses upon the juncture at which the relationship between the party to the first action and the person claimed to be his or her privy is established." *Id.* "Hence, an assignee is deemed to be in privity with the assignor where the action against the assignor is commenced *before* there has been an assignment." *Magic Recovery Med. & Surgical Supply Inc. v. State Farm Mut. Auto. Ins. Co.*, 901 N.Y.S.2d 774, 777 (N.Y. App. Term 2010) (emphasis added).

Here, following the EDNY Court's entry of default judgment against the Trust, the Court directed auction and sale of the Policy. FLS submitted the sole bid and thereinafter transferred the Policy to SPV. Based on these facts, it is clear that the EDNY Court action was commenced and completed *before* FLS assigned the Policy to SPV. Therefore, this Court finds that privity exists between FLS and SPV in the form of an assignor-assignee relationship.

*(3) The issues raised by the Trust were "necessarily decided" by the EDNY Court*

*Res judicata* law requires that the issues sought to be precluded must be the issues of facts and questions of law "necessarily decided" in the previous action. *Gramatan*, 386 N.E.2d at 1331; *In re Shea's Will*, 132 N.E.2d at 868. New York has adopted the "transactional approach" analysis in deciding the applicability of *res judicata*. *Specialized Realty Servs., LLC v. Maikisch*, 999 N.Y.S.2d 430, 431 (N.Y. App. Div. 2014). Under this approach, "'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" *Id.* (quoting *O'Brien v. City of Syracuse*, 429 N.E.2d 1158, 1159 (N.Y. 1981)).

In the present case, the EDNY Court entered default judgment in September of 2011, and in February of 2017, denied the motion to vacate that judgment. Default judgments are considered final judgments and have *res judicata* effect. *See Infinity Chiropractic Health, P.C.*, 2016 WL 6305019, at *1. As such, the Trust is precluded from challenging the sales agreement and/or the validity of the ownership of the Policy in this Court, as those claims were either decided, or could have been raised, in previous proceedings.

### POINT II: THE BANKRUPTCY COURT'S AUGUST 1, 2012 DISMISSAL

"Res judicata bars future litigation between the same parties, or those in privity with the parties, of a cause of action arising out of the same transaction or series of transactions as a cause of action that was either raised or could have been raised in a prior proceeding." *Edward Joy Co. v. Hudacs*, 606 N.Y.S.2d 74, 76 (N.Y. App. Div. 1993). This principle applies to decisions of bankruptcy courts. *Id.*; *see also Katchen v. Landy*, 382 U.S. 323, 334 (1966) (finding that "[t]he normal rules of res judicata and collateral estoppel apply to the decisions of bankruptcy courts."). For example, in *Winkler v. Weiss*, 742 N.Y.S.2d 124 (N.Y. App. Div. 2002), following the sale of real property at auction pursuant to an order of the bankruptcy court, plaintiffs commenced an action to set aside conveyance of real property as fraudulent. *Id.* at 125. Defendants filed a cross motion for summary judgment asserting that the determination in the bankruptcy court barred the action. *Id.* The Supreme Court, Nassau County, granted the cross motion. *Id.* Plaintiffs appealed. *Id.* On appeal, the Supreme Court, Appellate Division, affirmed and held that the action to set aside conveyance was barred under the doctrine of *res judicata*. *Id.*

In the present case, *res judicata* is applicable. First, following the Trust's Chapter 11 bankruptcy petition, which temporarily stayed the auction of the Policy, the Bankruptcy Court lifted the stay, permitted the auction to proceed, and thereinafter dismissed the Trust's bankruptcy petition finding that the Trust had no assets remaining and no rights to the Policy. The Trust did not appeal the dismissal. The Trust's subsequent efforts to reopen the bankruptcy proceedings and vacate the Bankruptcy Court's lift stay order were ultimately unsuccessful. Therefore, the orders permitting auction of the Policy and dismissal of the Trust's bankruptcy petition, as well as the Trust's unsuccessful motions to reopen and vacate the Bankruptcy Court's stay, became final, binding orders which operate to bar any claim the Trust has to the Policy proceeds.

### CONCLUSION

The 2010 EDNY Court's default judgment, and subsequent denial of the motion to vacate, and the Bankruptcy Court's stay and dismissal, act as *res judicata* and bar any claim to the Policy proceeds by the Trust. Therefore, IT IS ORDERED that SPV's motion for summary judgment, Doc. 462, is granted.

Dated this 5th day of April, 2017.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
By: /s/ Deb Peterson
    Deputy