

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SPV-LS, LLC, | CIV 14-4092 |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER REGARDING SANCTION CLAIMS AND DIRECTING DRAFTING OF FINAL JUDGMENT |
| TRANSAMERICA LIFE INSURANCE COMPANY, | |
| Defendant and Third-Party Plaintiff, | |
| vs. | |
| NACHMAN BERGMAN, as Trustee of The N Bergman Insurance Trust dated December 18, 2006; MALKA SILBERMAN, as Successor Trustee of The N Bergman Insurance Trust dated December 18, 2006; LIFE TRADING TRUST, dated August 8, 2007; T-LEG, LLC, a/k/a TLEG LLC; FINANCIAL LIFE SERVICES, LLC; SPV II LLC; and THE REPRESENTATIVE OF THE ESTATE OF NANCY BERGMAN, | |
| Third-Party Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The background facts of this case are summarized in this Court's Memorandum Opinion granting the Plaintiff's Motion for Summary Judgment, Doc. 225, filed April 14, 2016, and the Court's Memorandum Opinion Granting Plaintiff's Motion for Summary Judgment, Doc. 482, filed April 5, 2017. Still pending before the Court are various claims by SPV for sanctions against some of the lawyers who have represented Third-Party Defendants in this litigation.

SPV is asking for monetary damages for sanctions against Aaron Twersky, who was the last

of a series of lawyers who represented Silberman, who was the successor trustee of The N Bergman Insurance Trust. Sanctions were also requested against attorneys representing the Estate of Nancy Bergman, that being Brian Donahoe as the local South Dakota counsel, and attorney Gerald Kroll, the California lawyer who was the primary counsel for The Estate of Nancy Bergman.

## STANDARD OF REVIEW

In the Eighth Circuit, district court impositions of sanctions are governed by the abuse of discretion standard. *Perkins v. General Motors Corp.*, 965 F.2d 597, 602 (8th Cir. 1992) (upholding district court's imposition of sanctions under Federal Rules of Civil Procedure 11 and 26); *Gallagher v. Magner*, 619 F.3d 823, 844 (8th Cir. 2010) ("We review an order denying discovery sanctions for an abuse of discretion.") (citation omitted). "[T]he district courts [are given] a large amount of discretion in regulating and sanctioning misconduct which occurs in proceedings before it." *Good Stewardship of Christian Center v. Empire Bank*, 341 F.3d 794, 797 (8th Cir. 2003) (citing *Hunt v. City of Minneapolis, Minn*, 203 F.3d 524, 527 (8th Cir. 2000)). See *Bunting v. Sea Ray, Inc.*, 99 F.3d 887, 890 (8th Cir. 1996) (holding that "[t]he conduct of discovery is committed to the trial court's sound discretion." The trial court did not "condone" obstructionist tactics in refusing to grant sanctions). Specific to when deciding whether to dismiss a case as a sanction for discovery abuses, "the district court must balance its 'need to advance its burdened docket against the consequence of irrevocably extinguishing [a] litigant's claim.' " *Empire Bank*, 341 F.3d at 797 (citation omitted). While a district court is advised to first consider lesser sanctions, *Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000), "[t]he futility of lesser sanctions is a further consideration in the district court's balancing calculation." *Empire Bank*, 341 F.3d at 797 (citing *First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992)). Moreover, imposing a sanction on a litigant "is proper only if just and expressly related to the particular claim." *MacGregor v. Mallinckrodt, Inc.*, 373 F.3d 923, 935 (8th Cir. 2004) (citing *Keefer*, 238 F.3d at 941).

## DISCUSSION

Federal Rule of Civil Procedure 37 " 'provides generally for sanctions against parties or persons unjustifiably resisting discovery.' " § 2281 History and Purpose of Rule, 8B Fed. Prac. &

Proc. Civ. § 2281 (3d ed.) (quoting Advisory Committee Note to 1970 amendments of Rule 37, 78 F.R.D. at 538). In the Eighth Circuit, "[I]mposition of discovery sanctions requires 'an order compelling discovery, a willful violation of that order, and prejudice to the other party.' " *Mallinckrodt*, 373 F.3d at 934 (quoting *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999)). See *Guifu Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 390 (N.D. Cal. 2012) ("As a condition precedent to imposing sanctions pursuant to Federal Rule of Civil Procedure 37 the Defendants must have violated a Court Order."); Fed. Prac & Proc, , supra at § 2282 ("The general scheme of [] [R] ule [37] is that ordinarily sanctions can be applied only for a failure to comply with an order of the court.) Defendants had to be forced by motion to comply but ultimately, after much effort by SPV and the Court, the Estate did ultimately substantially comply in the proceedings before this Court. Nachman Bergman, as an individual and Trustee did only partially comply and the sanction of dismissal of his claims was and is again granted. Compliance by Malka Silberman individually and as Trustee will be discussed only in regard to the period of representation by Attorney Twersky. See:

> Doc. 312, Order Granting in Part and Denying in Part Plaintiff and Third-Party Defendants' Motion to Compel, Docket No. 196, dated June 28, 2016
>
> Doc. 305, Order on Plaintiff's and Third-Party Defendants' Motion to Compel, Docket No. 237, dated June 28, 2016
>
> Doc. 342, Order on Motion to Compel Brian Donahoe to Comply with Subpoena, Docket No. 252, dated August 11, 2016
>
> Doc. 327, Order on Plaintiff's and Third-Party Defendants' Motions to Compel Attorneys Pamela Reiter and Ronald Parsons to Comply with Subpoenas, Docket No. 255, dated July 15, 2016
>
> Doc. 309, Order on Plaintiff's and Third-Party Defendants' Motion to Compel Attorney Alan Peterson to Comply with Subpoena, Docket No. 258, dated June 29, 2016
>
> Doc. 310, Order on Plaintiff's and Third-Party Defendants' Motion to Compel Attorney Matthew Dorothy to Comply with Subpoena, Docket No. 261, dated June 29, 2016

Doc. 311, Order on Plaintiff's and Third-Party Defendants' Motion to Compel and for Sanctions Against Third-Party Defendant Nachman Bergman, Docket No. 278, dated June 30, 2016

Doc. 472, Memorandum Opinion and Order on Plaintiff's and Third-Party Defendants' Motion to Compel, filed March 6, 2017

SPV has failed the first prong of the Eighth Circuit's three-part test for Rule 37 sanctions-an order compelling discovery. See *Countryside Cas. Co. v. Orr*, 523 F.2d 870, 872 n. 3 (8th Cir. 1975) ("The sanctions found in Fed. R. Civ. P. 37 are the only relief available for failure to make discovery.") (citations omitted).

Under Federal Rule of Civil Procedure 11, district court impositions of sanctions are reviewed under the deferential "abuse of discretion" standard. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed. 2d 359 (1990). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* A Rule 11 sanction might

> be warranted when a pleading is "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," Fed. R. Civ. P. 11(b)(1), contains allegations or factual contentions that lack evidentiary support, Fed. R. Civ. P. 11(b)(3), or contains denials of factual contentions that are not warranted on the evidence. Fed. R. Civ. P. 11(b)(4).

*Clark v. United Parcel Service, Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006). Furthermore, "Rule 11 sanctions are imposed only in response to claims that are not 'warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." *MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 623 (8th Cir. 2003) (quoting Fed. R. Civ. P. 11(b)(2)). Fatal to SPV's claim that Rule 11 has application here, however, "Rule 11 expressly does not apply to disclosures and discovery requests or responses subject to Rules 2[6] through 37." *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 243 F.R.D. 322, 334 (N.D. IA. 2007) (citing Fed. R. Civ. P. 11(d) (emphasis in original). See *Perkins*, 965 F.2d at 601-02 (upholding Rule 11 sanctions based on motion practice unrelated to discovery). No basis has been shown for Rule 11 sanctions.

4

Unlike sanctions imposed under Rule 11, which are imposed at a court's discretion, Federal Rule of Civil Procedure 26 "requires sanctions if a violation of the rule is found." *Books are Fun, Ltd. v. Rosebrough*, 239 F.R.D. 532, 550 (S.D. IA. 2007) (citations omitted). "Rule 26(g) sanctions are designed 'to deter abuse and compensate the opposing party for all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly.' " *Id.* (quoting *Johnson Int'l Co. v. Jackson Nat'l Life Ins. Co.*, 19 F.3d 431, 439 n. 10 (8th Cir. 1994) (internal quotations and citation omitted)). Rule 26(g) sanctions are proper " 'when the signing of [a discovery request] is incomplete, evasive or objectively unreasonable under the circumstances.' " *Id.* (quoting *St. Paul Reinsurance Co. Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 515 (N.D. Iowa 2000)) (alteration in original). See *Oregon RSA No. 6, Inc. v. Castle Rock Cellular of Oreg. Ltd. Partnership*, 76 F.3d 1003, 1007 (9th Cir. 1996) (using "an objective standard to determine whether a party or attorney has responded or objected to a discovery request for an improper purpose."). "The most obvious situation where sanctions are appropriate occurs when a party or its attorney submits a false discovery document." *Rosebrough*, 239 F. R. D. at 551 (citing *Perkins*, 965 F.2d at 600 n. 5). Submitting a false discovery document–or fabricating evidence–"has been referred to as 'the most egregious misconduct' which justifies a finding of fraud upon the Court." *Interpreter Services, Inc. v. BTB Technologies, Inc.*, No. CIV 10-4007, 2011 WL 6935343, at *8 (D.S.D. Dec. 29, 2011) (quoting *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions* (Antitrust Actions), 538 F.2d 180, 195 (8th Cir. 1976), abrogation on other grounds recognized by *Briscoe v. County of St. Louis, Missouri*, 690 F.3d 1004, 1011 n. 2 (8th Cir. 2012)). For a court to find such a fraud has been committed, it "must be supported by clear, unequivocal and convincing evidence." *Antitrust Actions*, 538 F.2d at 195 (citing *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1120 (2nd Cir. 1970), *cert. denied* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970)).

With regard to the claims against Aaron Twersky, some more history is necessary. Malka Silberman as Successor Trustee of The N Bergman Insurance Trust, was represented at the inception of this litigation in 2014 by Andrew Citron. Attorney Citron never made an appearance in the litigation but secured the representation for Silberman by the South Dakota law firm of Johnson,

Heidepriem, & Abdallah. The Johnson, Heidepriem firm, through their attorneys, Pamela Bollweg and Ronald Parsons of Sioux Falls appeared for Malka Silberman on September 25, 2014, and withdrew from that representation on October 20, 2015. Silberman was next represented by Attorney Matthew Dorothy beginning on November 19, 2015, and that representation lasted until April 8, 2016. Next, after Attorney Dorothy, Silberman was represented by attorney Aaron Twersky who made his appearance in the litigation on April 8, 2016, and that representation continued until he and local counsel, James Moore of Woods, Fuller, Shultz & Smith moved on August 16, 2016, to be allowed to withdraw. The Court allowed their withdrawal from the Silberman representation on October 14, 2016. Silberman has been without legal representation in this litigation since that time. Prior to Attorney Citron's involvement, another New York lawyer, Stuart Davis, attempted to locate a South Dakota lawyer for Silberman as Trustee.

On June 6, 2016 SPV filed a Motion to Strike Malka Silberman's Answer and Cross-Claim and For Other Sanctions, Doc. 289. Attorney Twersky had only been counsel of record two months. On November 29, 2016, in Doc. 440, as a sanction, the Court allowed SPV to renew its Motion for Summary Judgment with regard to Silberman. The time for filing dispositive motions had passed. The Court also entered an additional conditional sanction against Silberman if email and text production was not made. SPV was not satisfied with that sanction and moved for reconsideration, which was denied. The Court went on to say:

> The various lawyers and law firms that have represented Malka Silberman, as Successor Trustee of The N Bergman Insurance Trust, are not being sanctioned by the Court. It appears to the Court that the various attorneys of record that at one time or another have represented Malka Silberman, as Successor Trustee of the N Bergman Insurance Trust, have been hampered in their attempts to represent Malka Silberman, as Successor Trustee, with that hampering being by Malka Silberman or by others in concert with her other than her attorneys of record. The first set of attorneys of record for Malka Silberman, as Successor Trustee of The N Bergman Insurance Trust made an appearance on September 25, 2014, and were allowed to withdraw on October 20, 2015. The next lawyer of record appeared on November 19, 2015, and was allowed to withdraw on April 8, 2016. On April 8, 2016, the third set of lawyers appeared and they moved to withdraw on August 19, 2016, and were allowed to withdraw on October 14, 2016.

The Court's Order of November 29, 2016, was after the withdrawal of Attorneys Twersky

6

and Moore which was on October 14, 2016. The Court at that time ruled that those lawyers were not being sanctioned by the Court. The Court has now reviewed all of these other claims that SPV makes for sanctions against Attorney Twersky even though the Court had already ruled that it was not awarding sanctions against Mr. Twersky. The Court is aware that it can sanction the lawyer even after that lawyer is no longer representing a party in the proceedings. The Court has reviewed the rest of the claims now made by SPV against Mr. Twersky and no sanctions are awarded. It appears that Twersky was in over his head in this litigation. Not only did he lack resources anywhere nearly comparable to SPV and its law firms, Attorney Twersky also got and apparently needed direction from United States District Judge Forrest and the Magistrate Judge on what was described by Judge Forrest as some basic privilege issues concerning the deposition of Attorney Citron. That resulted in what Judge Forrest described as a sanction, but the record in that miscellaneous proceedings, *SPV-LS, LLC, Financial Life Services, LLC, SPV II LLC v. Andrew Citron, et al.*, NY 16-00156, does not reflect any sanction being entered by the Court beyond that statement. No sanction is warranted against Attorney Aaron Twersky.

Defendant Silberman was clearly a difficult client. There were both delays and lack of forthcoming regarding discovery that in fact was caused by the client and not her varying cast of lawyers. It appears that she at least claimed to know few of the facts surrounding this litigation. It also appears that her defense positions and strategy may have been directed by Jacob Herbst, her husband, and possibly the other shadow investors.

Attorney Brian Donahoe is the South Dakota counsel for the Estate of Nancy Bergman. Attorney Donahoe was involved as local counsel in the representation of the Estate beyond simply being on the pleadings. The Court has reviewed all of the proceedings concerning the request for sanctions against Attorney Donahoe and there is no basis for any sanctions and that request is denied.

Sanctions are also requested against the primary attorney for the Estate of Nancy Bergman, Gerald Kroll, a California attorney. It should be mentioned that there are two pending requests for sanctions by SPV against Attorney Kroll and two collateral proceedings that were brought in

California as a result of the case before this Court, *In re: Rule 45 Subpoena Issued to Gerald Kroll,* Case No. 2:16-mc-00115-VAP-AGR, and *In re: Rule 45 Subpoena Issued to Gerald Kroll,* Case No. 2:16-mc-00131-VAP-AGR. No ruling has been made by the Court in California concerning those sanction requests.

In the course of this heavily discovered litigation which includes 31 depositions and thousands of pages of documents, there is no doubt that Attorney Kroll in some instances was not in compliance with discovery production rules, but the Court on balance finds no willful abuse of the judicial process by Attorney Kroll. *Jaquette v. Black Hawk County, Iowa,* 710 F.2d 455 (8th Cir. 1983) citing *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766 (1980). A possible exception is the claim by Attorney Foss and SPV that Attorney Kroll forged a retainer agreement and provided that forgery in discovery. Attorney Kroll at all times has adamantly denied that allegation. Attorney Foss claims that he had a document examiner verify that claim but no report of any document examiner has been produced. If the document was forged and even if at the time of production Attorney Kroll did know it was forged, if he later came to know of its falsity, then a reasonable remedial measure under Rule 3.3 of the Rules of Professional Conduct would be to promptly make a disclosure of the falsity to this Court. That issue did not prevent nor delay SPV from getting summary judgment in its favor. Despite that fact, if that claim is true, it would still warrant a sanction. The Court is not going to have a mini-trial on that issue as it is not clear to the Court from the record that the retainer produced was forged. Attorney Kroll moved, Doc. 511, to strike portions of the Declaration of Douglas Foss, Doc. 498. That motion is also denied.

In addition, the Court finds that none of the attorneys in question violated the provisions of 28 U.S.C. § 1927 in that they did not multiply the proceedings unreasonably and vexatiously. The same cannot be said for their clients.

Attorney Twersky requested a sanction against the Krasnerman entities and their attorneys in his Declaration in Opposition to the Krasnerman Entities' Motion for Sanctions Against Aaron Twersky. There is a related matter which is also of concern to the Court. There is a separate

proceeding filed on March 24, 2017, by SPV with the heading being: In the Supreme Court of the State of New York, County of New York, *SPV-LS, LLC, Financial Life Services LLC, SPV II LLC v. Andrew Citron, Revas Chachanashvili Law Group PLLC, Gerald Kroll, Kroll Law Corporation, Eli Fixler, David Graubard and Kera & Graubard LLP*, Index Number 152783/2017. The New York State lawsuit arises primarily out of the same dispute over the 10 million dollars of life insurance proceeds and the expense of pursuing that claim. There are six causes of action with there being claims against Gerald Kroll and others in the First, Second, Third, and Fifth Claims, with the Fourth claim being against Kroll Law Firm and others. The relief claimed is:

A. Actual damages in an amount to be determined at trial, but no less than $3,703,304.27 plus interest;

B. $2,128,441.52, the amount of premiums paid by FLS and/or SPV on the Transamerica Policy; and

C. treble damages plus costs and attorney's fees, as provided for in New York Judiciary Law 487; and

D. legal fees and related expenses SPV, FLS and SPV II incurred and continue to incur in this action; and

E. punitive damages, plus the costs of this action; and

F. for such other relief as the Court may deem just and proper.

The lawsuit was brought by Gregory T. Casmento of the law firm of Locke Lord LLP, New York, New York. Attorney Casamento did not appear of record in the South Dakota litigation but he was involved in some of the out of court work regarding this South Dakota litigation. Attorney Casamento was counsel of record with Attorney Foss in *SPV-LS, LLC v. Twersky*, S.D.N.Y. Civil Docket #1:16-mc-00262-P1, re Motion to Compel Aaron Twersky to Comply with Subpoena and also in S.D.N.Y. Civil Docket #1:16-mc-00156-P1-AJP, *SPV-LS, LLC v. Nelson Bloom, Andrew Citron, Stuart Davis and interested party Malka Silberman*. In addition, SPV-LS, LLC is the common client in both instances and Attorney Foss certainly had knowledge of the initiation of the New York litigation. The claim for relief for the sanctions before this Federal Court in South Dakota are as follows:

9

an amount equal to the total legal fees and costs SPV has incurred in discovery post June 1, 2016, the deadline the Court initial set for fact discovery in its Rule 16 Scheduling Order (Dkt. 175), plus the income lost from delay in receipt of the insurance policy proceeds as a result of their wrongful conduct.

The income lost from delay is the 35% per annum that SPV claims to make off of these life insurance settlement investments (Doc. 487).

This Court was not advised by Attorney Foss of the lawsuit filed by SPV on March 24, 2017. Mr. Foss filed the present motion for sanctions against Twersky, Kroll and Donahoe on April 27, 2017, and has followed that filing on the sanction subject with numerous other filings. The Court first learned of the New York state proceedings against Attorney Kroll and others in a response from Attorney Kroll on June 24, 2017, in his Opposition to Motion for Sanctions. The Court is concerned with not being advised at the time of filing this sanction motion of the previously filed SPV New York state lawsuit which significantly duplicates the claims with regard to Attorney Kroll in the matter that is before this Court. An explanation that other parties and acts are alleged in addition to those of Attorney Kroll and Kroll Law Corporation would be correct, but that does not diminish the duty of disclosure. There is, however, no basis for a sanction of either SPV or its attorneys and that motion is denied.

The Court recognizes that SPV has had to persist in order to recover what it had contracted and paid for, the $10,000,000.00 in proceeds from the life insurance policy on the life of Nancy Bergman. The transaction when entered into was legal under applicable New York law. Once policy proceeds were available, SPV was met with claims from Nachman Bergman as Trustee of The N. Bergman Insurance Trust and Malka Silberman as the Successor Trustee, that they did not sell the life insurance policy at all but that the claimed sale was a forgery. That claim that was at the core of the defense has been shown to be a lie. The other basis for the claim was a respectable if incorrect claim that New Jersey law was applicable. The Estate of Nancy Bergman was in a better position in that if SPV and the related entities failed to prove up their claim, the Estate could step in. That claim also failed.

It is for state legislatures to determine whether or not life insurance policies can be purchased in this manner, often referred to as STOLI. New York subsequently prohibited this practice. Look at what the practice has given rise to here: an elderly retired school teacher was convinced by her grandson Nathan that if she went along with the various insurance applications, which amounted to five policies issued for $35 million in death benefits, and medical exams, she would get something out of it. Nancy's grandson Nathan got $130,000 from this undertaking and it appears that Nancy got nothing. Nancy's estate was represented to be about $175,000, consisting mainly of her dwelling when she died at age 89.

The lack of candor of the Defendants themselves necessitated extensive discovery. It is speculation to say whether or not the Court would have granted summary judgment at some earlier date if discovery had been more forthcoming.

Now that the sanctions motions have been ruled upon, the Court will next enter an appealable Judgment. The Court will direct the payment of the $10,000,000 and accrued interest[1] to SPV-LS, LLC., pursuant to SPV's Motion to Release Insurance Proceeds, Doc. 484, unless the Defendants post a cash bond in the amount of $49,833.29.[2] The Estate of Nancy Bergman has already attempted

---

[1] The amount is reduced by $72,600 paid by Court Order to counsel for Transamerica Insurance Company.

[2] The Court has calculated the amount of the bond as follows: according to the Affidavit from SPV's certified public accountant, SPV maintains a Vanguard Mutual Fund account which as of April 7, 2017 contained $24.857 million (Doc. 487). Those funds are invested in the Vanguard Federal Money Market Fund (VMFXX) (Doc. 517). As of June 30, 2017 that fund had paid .46 of 1% over the preceding year. The $25 million is not all needed to service the capital requirements of servicing other life insurance policies held in the amount of $135,000,000 benefit value with a cost basis of $35 million. The other reason stated for holding the $25 million in Vanguard was to purchase other policies. The $10 million in question here is not needed to purchase other policies as there are already funds available for such purchases. Accordingly, an appeal, if taken, will probably take about 13 months. The 2017 Annual Statistical Report for the Eighth Circuit Court of Appeals had an average civil case disposition time of 12.9 months. Ten million dollars x .46 of 1% = $46,000. Accordingly, a bond of $49,833.29 must be promptly posted or the funds will be paid to SPV. FRCP 62(a) provides for no execution on a Judgment until 14 days have passed after its entry.

to appeal.[3]

---

[3] If the Court waited for the Defendant Estate's proposed appeal the FRCP 62(d) analysis is: Rule 62 permits a court to stay a final judgment pending appeal. FED. R. CIV. P. 62(c); *Dakota, Minnesota & E. R.R. Corp. v. Schieffer*, 742 F. Supp. 2d 1055, 1060 (D.S.D. 2010) (finding that "Rule 62 permits courts to order a stay, pending appeal, of an interlocutory or final judgment in an action for an injunction."). The rule "'codifies the inherent power of courts to make whatever order is deemed necessary to preserve the status quo and to ensure the effectiveness of the eventual judgment.'" *Knutson v. AG Processing, Inc.*, 302 F. Supp. 2d 1023, 1035 (N.D. Iowa 2004) (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2904 (2d ed. 2012)); see also *Pettway v. Am. Cast Iron Pipe Co.*, 411 F.2d 998, 1003 (5th Cir. 1969) (finding that Rule 62(c) "is expressive of the power in the courts to preserve the status quo pending appeal."); *North Cent. Truck Lines, Inc. v. United States*, 384 F.Supp. 1188, 1190 (W.D. Mo. 1974) ("Rule 62(c) specifically provides that the determination to grant or deny relief, as requested in the case at bar, is a matter directed to the discretion of the Court.").

A four-part test governs stays pending appeal:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "The applicant bears the burden of establishing the propriety of a stay." *SAGE v. Osseo Area Schools*, 2006 WL 890754, at *1 (D. Minn. 2006) (citing *Reserve Mining Co. v. United States*, 498 F.2d 1072, 1076 (8th Cir. 1974)). If a stay is granted, a court may do so "on terms for bond or other terms that secure the opposing party's rights." FED. R. CIV. P. 62(c).

In considering requests for a stay pending an appeal, courts "maintain[] a flexible approach when applying the [] factors and balancing the equities between the parties." *Walker v. Lockhart*, 678 F.2d 68, 70 (8th Cir. 1982); see also *Hilton*, 481 U.S. at 777 ("Since the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules."); *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (internal quotations omitted) (finding that "[u]ltimately, [courts] must consider the relative strength of the four factors, balancing them all."). "No single factor in itself is dispositive; in each case all the factors must be considered to determine whether on balance they weigh towards granting the [stay]." *Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987).

1. *Likelihood of success on the merits*

The first factor that courts consider when ruling on a motion for a stay pending appeal is the likelihood of the movant's success on the merits. *Hilton*, 481 U.S. at 776. While the first factor is

a difficult one for the Estate to meet, Eighth Circuit law establishes that trial courts have issued stays pending appeal "where such action was necessary to preserve the status quo or where the legal questions were substantial and matters of first impression." *Sweeney v. Bond*, 519 F. Supp. 124, 132 (E.D. Mo. 1981), *aff'd*, 669 F.2d 542 (8th Cir. 1982); *see also Mesabi Iron Co. v. Reserve Mining Co.*, 268 F.2d 782, 783 (8th Cir. 1959).

Under this standard, the Court finds that the first condition of Rule 62(c) is satisfied. Litigation in this case has been ongoing since June of 2014 and centers on "stranger oriented life insurance" ("STOLI"). Since that time, nine parties have had their interests represented, fifteen attorneys have appeared, and over 100 motions consisting of thousands of pages and 500 docket entries have been filed. This litigation clearly presents a detailed factual history but the legal issues are not complex. The Estate is not likely to succeed on the merits and this suggests no stay.

2. *Threat of irreparable harm to the Estate*

The next factor that a court must consider is whether the applicant will suffer irreparable injury absent a stay. *Hilton*, 481 U.S. at 776. "In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir. 1996) (citing *Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986)). "[E]conomic loss standing alone does not constitute irreparable harm, but the threat of *unrecoverable* economic loss does amount to irreparable harm." *Knutson*, 302 F. Supp. 2d at 1037 (citing *Iowa Utils. Bd.*, 109 F.3d at 426).

Here, the Estate argues that absent a stay, it will suffer irreparable harm. Doc. 476 at 11. In support of its position, the Estate cites the various entities in which Michael Krasnerman is connected—specifically noting the transfers of the policy via those entities—and expresses its fear that the proceeds will "evaporate" if released to SPV. *Id.* at 11-14; *see also* Doc. 22 (Affidavit of Michael Krasnerman, August 8, 2014). In response, SPV argues that it is a well-capitalized entity with about $25 million in cash and other life insurance policies as assets, which should leave neither the Estate, nor this Court, with reason to believe that it would suddenly become liquidated and leave the Estate no recourse to recover the proceeds if it prevailed on appeal. Doc. 486 at 12. In support of this position, SPV attaches an Affidavit of Alan Goldberger, CFO of SPV. *See* Doc. 487 and accompanying attachments.

The Court, however, finds that this factor does weigh in favor of a stay. SPV, as a private company controlled by Michael Krasnerman, is not subject to the extensive security regulations and required financial disclosures of a publicly traded entity. *See UnitedHealth Group Inc. v. Wilmington Trust Co.*, 538 F. Supp. 2d 1108, 1110 (D. Minn. 2008) (finding that "[b]ecause [corporation] shares are publicly traded, it must comply with the public disclosure and filing requirements of the Securities and Exchange Commission ('SEC')."). This fact, along with the fact that Michael Krasnerman has an interest in numerous entities and the policy in question has been filtered through those entities, as could cash, clearly demonstrates "the threat of *unrecoverable*

economic loss" to the Estate. The entities include Financial Life Services, LLC (sole owner), Life Trading Holdco, LLC (principal; partially owned by AllFinancial Group, LLC), Life Trading Trust (established by Life Trading Holco, LLC), Babcock & Brown Life Trading, LLC, AllFinancial Group, LLC (sole owner), AllSettled Partners, LLC (sole owner), SPV-LS, LLC (founder and was once its sole member), SPV II, LLC (founder and sole member), T-LEGG, LLC (founder and sole member), and MK South Dakota, LLC. *See* Doc. 22 at 3-5, 14 (Michael Krasnerman's Affidavit, August 8, 2014). *Knutson*, 302 F. Supp. 2d at 1037 (citing *Iowa Utils. Bd.*, 109 F.3d at 426); Doc. 22 at 3-5, 14 (Michael Krasnerman's Affidavit, August 8, 2014); Doc. 1 at ¶¶ 9, 10, 14, and 21 (Complaint). This factor strongly favors a stay.

### 3. *Harm to SPV if a Stay is Issued*

The third factor this Court must consider is whether the issuance of a stay will substantially injure SPV. *Hilton*, 481 U.S. at 776. As noted, the Court finds that the Estate will likely be irreparably harmed if the policy proceeds are released to SPV. That factor is diminished in weight by the finding that the Estate is not likely to prevail on the merits. Although there may be some financial harm and inconvenience to SPV as a result of not being allowed immediate access to the funds, the Court finds that such harm can be alleviated by the Estate posting a bond in accordance with Rule 62. Accordingly, the balance of the harm concerning factor three weighs in favor of granting a stay.

### 4. *The public interest*

As a final condition, a Rule 62 movant must make an appropriate showing that a stay would do no harm to the public interest. *Hilton*, 481 U.S. at 776; *Kan. City Royals Baseball Corp. v. Major League Baseball Players Ass'n*, 409 F. Supp. 233, 269 (W.D. Mo.), *aff'd*, 532 F.2d 615 (8th Cir. 1976). In support of its position, the Estate argues that the "public interest is [] furthered by the certification for appeal and stay, because the issue of the insurable interest under appropriate state law may be determined more quickly and may have a bearing on other cases or claims." Doc. 476 at 15. In response, SPV argues that the Estate has offered nothing in support of this final condition for a stay and contends that an Eighth Circuit decision on a since-amended New York law "is of incredibly narrow import" to the public interest. Doc. 486 at 13-15. The Court observes that there is a broader public interest in the existence of STOLIs.

Here, while the Court finds that the Estate's argument is not strong on this point, a Rule 62 analysis requires the Court to consider "[e]ach factor . . . in relation to the others, and the interaction of all four must be weighed." *Armstrong v. O'Connell*, 416 F.Supp. 1325, 1330 (E.D. Wisc. 1976) (further finding that "[f]ailure to meet one factor may be excused in light of a particularly strong showing with respect to another factor."); *see also Walker*, 678 F.2d at 70; *Hilton*, 481 U.S. at 777; *Brady*, 640 F.3d at 789; *Calvin Klein Cosmetics Corp.*, 815 F.2d at 503. Accordingly, the Court finds that the factors weigh in favor of a stay.

IT IS ORDERED:

1. That the Motion for Sanctions against Attorneys Aaron Twersky, Gerald Kroll, and Brian Donahoe, Doc. 496, is denied.

2. That the Motion to Strike Portions of Declaration of Douglas Foss (Doc. 489) and Evidentiary Objections to Foss Declaration, Doc. 511, is denied.

3. That the Motion for Sanctions against Attorney Douglas Foss and SPV-LS, LLC, Doc. 519, is denied.

4. That Plaintiff shall prepare a draft Judgment.

5. That SPV-LS, LLC's Motion to Release Insurance Proceeds, Doc. 484, is granted unless the Estate pursuant to its Motion for Order Staying Res Distribution, Doc. 475, posts a cash bond within 14 days after entry of Judgment in the amount of $49,833.29.

Dated this 23rd day of August, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk
By: _____
Deputy